Allen H. Mohrey, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1983, to Judges CRAIG, DOYLE and BARBIERI, sitting as a panel of three.

OPINION BY JUDGE DOYLE, March 15, 1984:

Before this Court is an appeal by Allen H. Mohrcy, Jr. (Claimant) from a decision and order of the Un-

*Charles R. Osinski,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

employment Compensation Board of Review (Board) directing that his weekly benefits rate be reduced by an amount equal to the weekly sum received from a military pension. We must affirm.

The facts of this case are undisputed. Claimant was laid off from his job as a packer at General Electric Co. on July 11, 1980, for lack of work. After applying for unemployment compensation, he established an entitlement to $162.00 per week in benefits. Because of a $450.00 per month pension which Claimant receives from having spent nearly twenty-four years in the Marine Corps., however, it has been determined that the amount of $103.00 should be deducted on a weekly basis from his compensation, thereby leaving him with a total award of $59.00 per week.[1] *See* Section 404(d)(iii) of the Unemployment

---

[1] The record discloses that plaintiff was receiving a total of $668.00 a month in pensions for his 24 years of service in the U.S. Marine Corp, and although the referee concluded that all of this total was to be deducted from any unemployment compensation benefits to which Claimant was otherwise entitled, the Board, on appeal, modified the referee's decision and excluded that portion of the Federal Government benefits which represented a disability pension.

Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804 (d)(iii).

In his appeal to this Court, Claimant argues that Section 414(a) of the Multiemployer Pension Plan Amendments Act of 1980 (MEPPA), 26 U.S.C. §3304 (a)(15) (Supp. IV 1980), amended by 26 U.S.C. §3304 (a)(15) (Supp. V 1981),[2] restricts pension off-set of unemployment compensation benefits to those pension payments received from a claimant's base period employer and preempts state law to the contrary such as Pennsylvania's. As General Electric Co. is his base period employer, and the pension results from his service in the Marine Corps., Claimant argues that any pension off-set of his unemployment compensation after January 1, 1981, the effective date of Section 414(a) of the MEPPA, is improper. We are constrained to disagree.

The constitutional aspects of Claimant's argument were expressly rejected by this Court in *Novak v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 148, 457 A.2d 610 (1983). Consistent therewith, we must again reject them here.

---

[2] Section 414(a) of the MEPPA reads, in pertinent part:

[T]he amount of compensation payable to an individual for any week which begins after March 31, 1980, and which begins in a period with respect to which such individual is receiving a governmental or other pension . . . which is based on the previous work of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension . . . which is reasonably attributable to such week except that—

(A) the requirements of this paragraph shall apply to any pension . . . only if—

(i) such pension . . . is under a plan maintained (or contributed to) by a base period employer or chargeable employer (as determined under applicable law). . . .

Claimant also tenders the theory that Pennsylvania's pension off-set requirements have been statutorily preempted. He states that Section 414(a) of the MEPPA is an amendment to the Employee Retirement Income Security Act of 1974 (ERISA) and thus subject to the preemption language of Section 514(a) of that act,[3] 29 U.S.C. §1144(a)(1976), which reads:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

The MEPPA, however, amends *both* ERISA and the Internal Revenue Code of 1954.[4] In every instance, it is clear which piece of legislation is being amended by each individual section of the MEPPA. Section 414(a), by its terms of enactment, amends "[p]aragraph (15) of Section 3304(a) *of the Internal Revenue Code of 1954*[5]...." Pub. L. No. 96-364, §414(a), 94 Stat. 1208, 1314 (1980) (emphasis added). As such, ERISA is not the subject of the amendment by

---

[3] The preemptive impact of Section 514(a) of ERISA, insofar as conflicts with state laws are concerned, was resolved by the United States Supreme Court in *Shaw v. Delta Air Lines, Inc.*, 103 S.Ct. 2890 (1983). Prior to that case, Pennsylvania courts were in disagreement on the issue. *Compare International Ladies' Garment Workers' Union v. Human Relations Commission*, 53 Pa. Commonwealth Ct. 229, 417 A.2d 1279 (1980) with *Lukus v. Westinghouse Electric Corp.*, 276 Pa. Superior Ct. 232, 419 A.2d 431 (1980).

[4] Title 26 of the United States Code.

[5] Section 3304(a) of the Internal Revenue Code of 1954, 26 U.S.C. §3304(a) is encompassed by Chapter 23 of the Code which is officially designated as the Federal Unemployment Tax Act. *See* 26 U.S.C. §§3301-3310 (Supp. V 1981).

Section 414(a) and the preemptive language of Section 514(a) is not pertinent to the instant appeal.

Accordingly, we must reject Claimant's claim of statutory preemption.

ORDER

Now, March 15, 1984, the decision and order of the Unemployment Compensation Board of Review, No. B-195071, dated May 7, 1981, is hereby affirmed.