530 A.2d 1023

Stephen J. Kan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 23, 1987, before Judges COLINS and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Daniel J. Hartle,* for petitioner.

*Charles D. Donahue,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, September 8, 1987:

Stephen J. Kan (Petitioner) appeals an order of the Unemployment Compensation Board of Review which affirmed a referee's order reducing his unemployment benefits by the entire amount of his military retirement benefits. We reverse and remand for recalculation of Petitioner's weekly unemployment compensation benefits in accordance with the following opinion.

Petitioner was honorably discharged from the United States Navy after 22 years of service on May 13, 1977. As retirement benefits for his military duty, Petitioner was entitled to receive $650.36 per month. On June 22, 1984, Petitioner and his wife were divorced. Incorporated into the divorce decree was a voluntary settlement agreement in which Petitioner and his wife divided their marital property. As part of this settlement Petitioner's wife received 50% of Petitioner's military retirement benefit. Upon notification of the divorce and agreement, the Navy Family Allowance Activity[1] informed Petitioner that pursuant to the Uniformed Services Former Spouses' Protection Act, 71 U.S.C. §1408, 50% of his retirement benefits ($325.18 per month) would be paid directly to his former wife beginning in December, 1984.

Petitioner applied for unemployment benefits in December, 1984. In computing his benefits the Office of Employment Security (OES) adjusted his unemploy-

---

[1] This unit of the Navy handles claims to Navy pensions from former spouses.

ment compensation weekly benefits to account for the entire amount of his military pension pursuant to section 404(d)(iii) of the Unemployment Compensation Law (Law).[2] Petitioner's adjusted weekly rate was $19.00 effective December 16, 1984.

Petitioner appealed this determination, contending that the amount of the pension which his former wife received should not have been included in adjusting his benefits. The referee concluded that the amount of the pension paid to Petitioner's former wife was "debt payment" and "no different than a payment to a utility company or a loan payment" and affirmed OES's determination. Petitioner appealed this decision to the Board, which affirmed the referee.

Petitioner filed a petition for review with this court. The issue presented to us is whether it was an error of law for Petitioner's unemployment compensation benefits to be reduced by the amount of the military pension received by Petitioner's former wife as well as by the amount he receives. This is an issue of first impression in the Commonwealth and our research has disclosed no case law in any other jurisdiction.

Section 401(d)(iii) of the Law requires that an eligible individual's weekly unemployment compensation benefit rate be reduced by "an amount equal to the amount of a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment" received by the individual "which is based on the previous work of such individual, which is reasonably attributable to such week." Petitioner does not dispute that his unemployment compensation benefits are to be reduced because he receives a military pension. *See Mohrey v. Unemployment Compensation Board of*

---

[2] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §804(d)(iii).

*Review*, 81 Pa. Commonwealth Ct. 93, 472 A.2d 714 (1984). Petitioner contends that in determining the amount of the reduction, only the amount of his military pension which he actually receives should be used. Petitioner bases this contention on his belief that the amount of his military pension received by his former wife is her property and not his.

The Uniformed Services Former Spouses' Protection Act does not mandate that military retirement benefits be shared by its recipient and a former spouse but leaves that decision to the states.[3] *Major v. Major*, 359 Pa. Superior Ct. 344, 518 A.2d 1267 (1986). Pennsylvania has chosen to treat military pensions as marital property pursuant to section 401(f) of the Divorce Code.[4] *Id*. Petitioner and his former wife reached a voluntary agreement as to the division of their marital property which was incorporated in their divorce decree. In that agreement, Petitioner's military pension was equally divided. Therefore, the 50% of Petitioner's military pension being received by his former wife is no longer Petitioner's property.

The referee and the Board erred, as a matter of law, in concluding that Petitioner owed 50% of his military pension to his former wife as a debt. The $325.18 received by Petitioner's former spouse is her property,

---

[3] 71 U.S.C. §1408(c)(1) states that "a court may treat disposable retired or retainer pay payable to a member . . . either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."

[4] Act of April 2, 1980, P.L. 63, *as amended*, 23 P.S. §401(f). This section states, in pertinent part:

All property, whether real or personal, acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety.

pursuant to Pennsylvania law, as a result of her marriage to Petitioner during the time when he accrued the pension. *Major*. Accordingly, we reverse and remand for a recalculation of Petitioner's unemployment compensation benefits in accord with this opinion.

## ORDER

AND NOW, September 8, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned case is reversed and the case remanded for recalculation of benefits in accordance with this opinion.

Jurisdiction relinquished.