In the Matter of Chester L.
STORY, Debtor.

Chester L. STORY, Plaintiff,

v.

Gladys R. STORY, Defendant.

Bankruptcy No. 82–1775.
Adv. No. 82–688.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 16, 1983.

Malka Isaak, Tampa, Fla., for plaintiff.

Seymour Benson, Orlando, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the immediate matter under consideration is the dischargeability, vel non, of a debt in the amount of $17,478 admittedly due and owing to Gladys R. Story, the Defendant and former spouse of the Debtor, Chester L. Story. The Debtor filed a two count Complaint to Determine Dischargeability of Debt against his former wife, and seeks a judicial determination that all liabilities which are represented by a Texas divorce decree which was reduced to a Florida judgment are dischargeable in bankruptcy. In addition, the Debtor seeks the entry of an order discharging a writ of garnishment against the United States Government which was entered by the Circuit Court in Orlando on March 26, 1982. It is the Defendant's position that because Texas is a community property state, the award by the Texas court of 35% of the Debtor's military pension represents a property right which vested in the wife as of the time of the divorce. Therefore, the Defendant contends there exists no debtor-creditor relationship between this Debtor and his former wife and thus, no debt which is subject to discharge. Rather, the Defendant has as separate property that which was awarded at the time of the divorce including 35% of her husband's military pension.

The Court heard argument of counsel, testimony of witnesses, considered the record and finds as follows:

The Debtor and Gladys R. Story were married on July 2, 1946 while the Debtor was serving in the United States Armed Services. In 1967, the Debtor and his wife obtained a divorce, however, approximately six weeks later they remarried and remained husband and wife until 1971 when the Storys once again sought to dissolve their marriage. Chester Story filed a Petition for Dissolution of Marriage and on December 14, 1971, the Court of Domestic Relations for Harris County, Texas entered a Final Decree of Divorce.

The Divorce Decree states in pertinent part as follows:

> The Court further finds that one child was born of the marriage and is of age. The Court further finds that Plaintiff and Defendant have divided between themselves certain community property and that there still exists a community property pension from the United States Government, and it is, hereby, ordered, adjudged, and decreed the Plaintiff is awarded all cash, personal effects, and chattels in his possession and sixty-five percent (65%) of the military pension due the said Chester L. Story from the United States Government; that the Defendant is awarded as her seperate (sic) property all cash and chattels in her possession, her retirement benefits from her present employer and thirty-five percent (35%) of the military pension due the Plaintiff as aforesaid.

The Debtor was ordered to pay Gladys Story thirty-five percent (35%) of every pension payment within ten days after he received the same. In addition, the Texas court ordered the Debtor to pay his ex-wife's attorney fees in the amount of $300. Gladys Story did not appear at the hearing. There was no sworn testimony and no depositions were presented to the divorce court.

At the time of the divorce, Gladys Story resided in Florida and was employed by the Jack Eckerd Corporation as a "jobber," for which she drew a salary of approximately $100 per week. In connection with her employment, she drove a company car and was provided with company insurance, retirement and profit sharing benefits.

The Debtor, who resided in Texas, was an Eckerd employee for five years between 1966 and 1971, but resigned his position in October 1971. At the time of the divorce, the Debtor was employed as a salesman in a clothing store, and drew a gross salary of approximately $100 per week. The Debtor testified that as of November 1971, he received a gross monthly income of approximately $746 of which $400 resulted from his employment as a clerk and the remainder

represented payments from military retirement.

In accordance with the final decree entered by the Texas court, the Debtor made payments to his former spouse until 1976. Gladys Story commenced an action to establish the Texas judgment as a Florida judgment and on January 7, 1982, the Circuit Court of the Ninth Judicial Circuit in and for Orange County entered a money judgment in the amount of $17,478 in favor of Gladys Story and against the Debtor.

On August 31, 1982, the Debtor filed a Voluntary Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code and on September 10, 1983, filed this Complaint seeking a determination of the dischargeability of debt represented by the Florida judgment.

The Debtor contends that the Texas decree and the Florida judgment represent liabilities which were based on a property settlement in connection with a divorce and as such are dischargeable in bankruptcy.

■ The Defendant's contention that the award by the Texas court of 35% of the Debtor's military pension represents a vested property right, finds support in neither logic nor law. Even if one assumes, albeit, without basis, that the Texas decree created an equitable lien on the future pension of the Debtor, a proposition which the Court does not accept, there is no question that the Texas decree created a debt and not a vested property right. Therefore, the question of dischargeability of debt is a proper subject for consideration.

Bankruptcy Code § 523(a)(5) provides in pertinent part as follows:

§ 523(a)(5)(B)

(a) A discharge under section 727, 1141, or 1328(b) of this title does *not* discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony.

In order to resolve the instant controversy, the Court must first consider the relevant law of Texas; the applicability of § 523(a)(5) of the Bankruptcy Code to an award of community property in a Texas divorce decree and the impact, if any, of the 1981 Supreme Court decision which declared that military retirement benefits are not divisable in state court decrees as community property. *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

In the case of *In re Nunnelly,* 506 F.2d 1024 (5th Cir.1975), the Court of Appeals for the Fifth Circuit discussed the dischargeability under the Bankruptcy Act of an obligation created by a division of military benefits as community property in a Texas divorce decree. 11 U.S.C. § 35(a)(7). The Court concluded that although Texas is a community property state and does not recognize permanent alimony, citing *Francis v. Francis,* 412 S.W.2d 29, 32 (Tex.1967), "the divorce court is authorized at the time of the divorce to divide the separate and community property between the spouses in whatever manner the Court deems equitable and just." *Nunnelly, supra* at 1026 (citing Tex. Family Code Ann. § 3.63). The Court then set forth certain factors which courts might consider when dividing the property of the community, i.e. disparity of earning power, future need for support, physical condition of the parties, educational background, and so forth. Thus, while it is clear that permanent alimony is not permitted under Texas law, the courts of divorce may contemplate similar variables when dividing community property, as do other state courts in awarding alimony or approving property settlements.

In 1981, the Fifth Circuit Court of Appeals revisited the *Nunnelly* decision in the case of *Erspan v. Badgett,* 647 F.2d 550, 555 (5th Cir.1981). In *Erspan* the Court held that although alimony after divorce is not permitted in Texas, the finding by the district court that a wife's right to her share of retirement benefits was non-dischargea-

ble under § 17(a)(7) should not be set aside as clearly erroneous. The Court said,

> The essence of this Court's decision in *Nunnelly* is that, regardless of how a state may choose to define "alimony," a federal court, for purposes of applying the federal bankruptcy laws, is not bound to the label that a state affixes to an award, and that, consistent with the objections of federal bankruptcy policy, the substance of the award must govern.

*Erspan v. Badgett, supra* at 555 citing *Nunnelly, supra* at 1027.

■ Section 523(a)(5) of the Bankruptcy Code excepts from general discharge any debt to a spouse, former spouse or child in connection with a separation agreement, divorce decree or property settlement agreement. Obligations in the form of alimony, maintenance or support are non-dischargeable; however, the mere denomination of a debt in a decree or agreement is not determinative. It is undisputed that the question of what constitutes alimony or support is to be determined under the federal law and not state law. *H.R.Rep. No. 595, 95th Cong., 1st Sess. 2 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 77–79 (1978),* U.S.Code Cong. & Admin.News 1978, 5787.

■ Further, in order to characterize obligations provided by a divorce decree for purposes of determining dischargeability, the bankruptcy court may consider whether the obligation is subject to contingencies such as remarriage or death, whether the payment appears to balance disparate incomes, whether the obligation is payable in installments and whether there are minor children requiring support. *Newman v. Newman (In re Newman),* 15 B.R. 67 (Bkrtcy.M.D.Fla.1981).

■ In the case at bar, it is without dispute that there were no minor children from this marriage at time of the divorce. Further, the divorce decree does not condition the obligation to the wife of 35% of the military pension on the non-occurrence of any contingencies. Thus, on the basis of these two variables, the award appears to be in the nature of a property settlement.

An analysis of the remaining variables, although admittedly not as clear cut, leads this court to the conclusion that the award in the Texas decree is property settlement rather than alimony, maintenance, or support. While the testimony adduced at the trial reveals disparity between the actual incomes of the parties at the time of the divorce, it appears that this information was not presented to the Texas court by testimony or deposition, and, therefore, not considered at the time the decree was entered.

Finally, the Texas divorce decree provided for the payment of the wife's share of the military pension, in periodic payments. While an award of periodic payments is generally indicative of alimony, this is not necessarily the case where the source of the funds is a pension which is paid to the husband in monthly increments.

In light of the foregoing, this Court is of the opinion that the award of 35% of the Debtor's military pension to the wife represents a property settlement and, therefore, the debt in the amount of $17,478 is dischargeable.

The Court, in passing on the dischargeability, vel non, of this debt is not unmindful of *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) in which the United States Supreme Court held that military retirement benefits are not divisible in state court decrees as community property. However, as noted by the District Court of Appeal for the Third District of Florida,

> By virtue both of the controlling and unanimous cases, e.g. *Erspan v. Badgett,* 659 F.2d 26 (5th Cir.1981), cert. denied. 445 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982) and a subsequently enacted statute, the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. 1408(c)(1) (1982), the Supreme Court decision in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) may not be retroactively applied.

*Acosta v. Acosta,* 425 So.2d 667 (3d DCA Fla.1983). Therefore, the *McCarty* decision has no bearing on the resolution of the

issues presented to this Court regarding the dischargeability of debt in bankruptcy.

A separate final judgment will be entered in accordance with the foregoing.