**Glenn Kennon PHILLIPS, Appellant,**

v.

**Aliceann PHILLIPS, Appellee.**

**No. 11–83–252–CV.**

Court of Appeals of Texas, Eastland.

May 24, 1984.

Gary A. Beahm, Law Offices of Gary A. Beahm, San Antonio, for appellant.

Malcolm Schulz, Schulz & Robertson, Abilene, for appellee.

McCLOUD, Chief Justice.

This case involves the division of accrued, but unmatured, nondisability military retirement benefits. Glenn Phillips was on active duty with the United States Air Force in Abilene, Texas, when he filed for divorce on March 17, 1982. His wife, Aliceann, filed a cross-action for divorce on April 6. Glenn Phillips filed an answer to the cross-action on April 13. In June 1982, Glenn Phillips was transferred to Columbus, Ohio. A divorce decree was signed by the trial court on December 1, 1982. It awarded all of the nondisability military retirement pay to the husband "as, if and when received." On January 19, 1983, the trial court granted the wife's motion for new trial.

Glenn Phillips' motion for nonsuit was granted on February 8, 1983. He filed an unsworn plea on March 22, 1983, attacking the court's jurisdiction over the wife's cross-action, urging that the trial court had no authority to treat his disposable retired pay as community property because: (1) he resided in Abilene, Taylor County, only on a temporary basis by reason of military assignment; (2) he was no longer domiciled in the territorial jurisdiction of the court; and (3) he did not consent to the jurisdiction of the court. The plea was overruled. A divorce was granted on March 28, 1983. The second divorce decree awarded to Aliceann 50% of the disposable retired pay which had accrued to Glenn Kennon Phillips as of March 28, 1983.[1] The husband was awarded 50% of his disposable retired pay which had accrued to him as of March 28, 1983, and 100% of any increases in retirement benefits subsequent to March 28, 1983.

The husband first urges the court did not have the authority to divide his military retirement pay. We disagree.

Glenn Phillips does not appeal the trial court's finding that it had in personam jurisdiction over him.[2] He contends the court did not have authority to divide his military retirement pay.[3] Paragraph 4 of 10 U.S.C.A. sec. 1408(c) (West 1983) says:

---

1. The judgment refers to gross retired pay "as defined by 10 U.S.C. 1408, ... the Uniformed Services Former Spouses' Protection Act." It is apparent that the trial court is referring to "disposable retired pay" as defined in the Act.

2. In personam jurisdiction over the husband can generally be obtained by either an appearance by the husband before the court or service of citation. *Cates v. Pen,* 663 S.W.2d 99 (Tex. App.—Houston [14th Dist.] 1983, no writ).

3. *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 2738, 69 L.Ed.2d 589 (1981) held that the supremacy clause in Article VI of the United States Constitution "preempts" state courts from dividing nondisability military retirement pay pursuant to state community property laws. The Uniformed Services Former Spouses' Protection Act, Pub.L. No. 97–252, 96 Stat. 730 (1982) subsequently reversed the effect of *McCarty* by allowing state courts to treat military retirement pay "in accordance with the law of the jurisdiction of such court" beginning with pay periods after June 25, 1981. See 10 U.S.C.A. sec. 1408(c)(1) (West 1983).

A court may not treat the disposable retired or retainer pay of a member in the manner described in [10 U.S.C. sec. 1408(c)(1) ] unless the court has *jurisdiction over the member by reason of* (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) *his consent to the jurisdiction of the court.* (Emphasis added)

■ We hold the trial court had jurisdiction over Glenn Phillips by his consent. Glenn Phillips consented to the court's jurisdiction over him as to all matters growing out of the subject-matter of the divorce when he filed his original suit. *Mumme v. Spies,* 15 S.W.2d 137 (Tex.Civ.App.—San Antonio 1929, no writ); *Andrews v. Whitehead,* 60 S.W. 800 (Tex.Civ.App.1901, no writ). The subsequent nonsuit did not defeat the court's jurisdiction because a nonsuit "shall not thereby prejudice the right of an adverse party to be heard on [her] claim for affirmative relief." TEX.R. CIV.P. 164. See *Corpus Christi Bank & Trust v. Cross,* 586 S.W.2d 664 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r. e.). The husband's first point of error is overruled.

In his second point, the husband contends the trial court invaded his separate property by awarding 50% of his military retired pay, as of March 28, 1983, to his wife. We disagree.

The record shows Glenn Phillips joined the United States Air Force in June 1958. The parties were married in June 1958 and divorced on March 28, 1983. The divorce decree says in part:

The Court ... finds that Glenn Kennon Phillips, SS # 302 30 7272, has the rank of Colonel in the United States Air Force, is still on active duty with 24 years 9 + months service to his credit, that the parties were married for 24 years and 9 months and Cross-Petitioner, Aliceann Phillips is awarded, as her sole and separate property, fifty per cent (50%) of the gross retired pay as defined by 10 USC 1408, also referred to as the "Uniformed Services Former Spouses' Protection Act", which has accrued to Glenn Kennon Phillips as of March 28, 1983, by virtue of his service in the United States Air Force.

Cross-Respondent, GLENN KENNON PHILLIPS, is awarded the following as his sole and separate property and Cross-Petitioner, ALICEANN PHILLIPS is hereby divested of all right, title and interest in and to such property:

\* \* \* \* \* \*

50% of his gross retired pay as defined by 10 U.S.C. 1408, which has accrued to him as of March 28, 1983, by virtue of his service in the United States Air Force, and 100% of any increases in retirement benefits subsequent to March 28, 1983.

■ The decree apportions the disposable retired pay "based upon the value of the community's interest at the time of the divorce." See *Berry v. Berry,* 647 S.W.2d 945, 947 (Tex.1983). It sufficiently fixes the value of the apportioned retirement payments at the time of divorce so that Glenn Phillips' separate property is not invaded. See *Berry,* 647 S.W.2d 945; *Neese v. Neese,* 669 S.W.2d 388 (Tex.App.—Eastland, 1984, no writ); *Heisterberg v. Standridge,* 656 S.W.2d 138 (Tex.App.—Austin 1983, no writ). The husband's second point of error is overruled.

The judgment of the trial court is affirmed.