In re Robert J. McNIERNEY, Debtor.

Robert J. McNIERNEY, Plaintiff,

v.

Dorothy McNIERNEY and International Business Machines Corp., Defendants.

Bankruptcy No. 88–04282–BKC–TCB.
Adv. No. 88–0540–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Feb. 3, 1989.

Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Sandra I. Tart, Miami, Fla., for defendant IBM.

Leslie Gern Cloyd, West Palm Beach, Fla., for trustee Irving E. Gennet.

Steven D. Rubin, Boca Raton, Fla., for plaintiff.

Robert C. Furr, Boca Raton, Fla., for defendant Dorothy McNierney.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The debtor seeks a determination under 11 U.S.C. § 523(a)(5) that the portion of his IBM retirement and pension plan benefits designated as a community property interest of his ex-wife is dischargeable. The defendants have answered. The answer of the ex-wife asserts a counterclaim seeking relief alternatively under § 523(a)(5) or (6). In its answer, IBM asserts a counterclaim and a cross-claim for interpleader as a mere stakeholder. Each defendant seeks payment of its attorneys' fees under the respective theory of its counterclaim. The matter was tried on January 10.

The debtor's marriage was dissolved in California by a final judgment dated April 11, 1983 which incorporates the parties' "Stipulation, Waiver and Marital Settlement Agreement" dated July 30, 1982. The debtor first received a retirement payment from IBM on February 1, 1987. The California judgment was established as a judgment of the Florida courts (Ex. 4) on July 23, 1988. Enforcement of the disputed provision regarding entitlement to retirement benefits pursuant to the terms of the Marital Settlement Agreement was accomplished by the ex-wife's obtaining an income deduction order (Ex. 4), dated July 23, 1988. The debtor has appealed that order.

The debtor filed his bankruptcy petition on October 21, 1988. The ex-wife is scheduled as an unsecured creditor in this bankruptcy for a claim in the amount of $11,000 plus $509 per month in accordance with the income deduction order. The debtor asserts that this obligation relates to a property settlement and is, therefore, dischargeable.

The disputed paragraph 18 of the Settlement Agreement provides that:

"[t]he parties hereto acknowledge that during the entire 23 years and 5 months of their marriage, Respondent has been employed with IBM, and it is agreed that at such time as Respondent retires, or otherwise qualified [sic] for retirement benefits, Petitioner shall be entitled to receive, as her community property interest an amount equal to ½ times $\frac{23.5 \text{ years.}}{\times}$ X being the total number of years' service Respondent is credited with by IBM for retirement purposes."

In a separate paragraph, the husband agreed to pay spousal support in the amount of $900 per month until July 31, 1986. The expected retirement date and therefore commencement of receipt of benefits from the IBM Pension Plan was September 1, 1986. The actual date of retirement was February 1, 1987.

Section 523(a)(5) excepts from discharge debts to a former spouse:

"for alimony to, maintenance for, or support of such spouse ... in connection with a ... divorce decree ..., but not to the extent that ... (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."

■ The legislative history reflects that what constitutes alimony, maintenance or support is to be determined under federal bankruptcy law and not State law. H.R. No. 95–595, 95th Cong., 1st Sess. (1977) 363, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6319; *In re Harrell*, 754 F.2d 902, 904–05 (11th Cir.1985).

The Florida court order containing the word "support obligation" is neither binding upon nor persuasive to this court in determining the issues in bankruptcy under § 523(a)(5)(B).[1] 3 *Collier on Bankruptcy* ¶ 523.15[5] (15th Ed.1988).

■ The ex-wife argues that her expected entitlement to retirement benefits following immediately after termination of support payments is indicative of a support element in the community property provision. This argument has some merit. Any additional sums from the award of a property interest would necessarily affect the ability of the ex-wife to support herself after designated support payments are terminated and serve as a substitute for support. However, it is more persuasive to me that the origin of the wife's entitlement to the disputed funds is based on her *property interest* acquired during the marriage.

I find that the defendant has failed to meet the burden of proving the debt is nondischargeable as alimony or support as those terms are employed in § 523(a)(5)(B).

Under the circumstances of this case, the division of community property does not automatically render the award dischargeable as a property settlement under § 523(a)(5) or preclude the ex-wife from seeking relief under an alternative provision of § 523(a).[2]

■ I agree with the ex-wife's alternative theory that the IBM retirement benefits are her separate property as calculated by the formula the parties agreed upon. The disputed issue of fact under § 523(a)(6) is whether the debtor's failure to pay his ex-wife is the result of his not understanding the formula in the Agreement or his deliberate attempt to deprive his ex-wife of her community property interest.

The debtor admits that he made no effort to segregate out any amount he felt Mrs. McNierney was entitled to from the IBM retirement payments. In his deposition testimony (Ex. B at p. 17), the following answers were given:

"Q. But you made no effort to even segregate what you thought was her share, did you?

---

1. The issues determined in this adversary proceeding are distinct from the issues under review in the State court appeal relevant to the income deduction order. The bankruptcy court in its proper role will not duplicate the functions of state domestic relations courts. *In re Harrell* at 907.

2. See e.g., *In re Mace*, 82 B.R. 864 (Bankr.S.D. Ohio 1987); *In re Thomas*, 47 B.R. 27 (Bankr.S. D.Calif.1984).

A. Absolutely not.

Q. You spent it, didn't you?

A. Yes, I did.

Q. Even though you knew she had a claim on that money?

A. Yes, I did."

The debtor's assertion of ignorance in dealing with the formula is not credible. He was an employee of IBM for more than 30 years. I doubt that he lacked the degree of sophistication necessary to interpret the formula or at least to know that his ex-wife's interest was violated by his spending the entire amount of every payment he received. I believe the foregoing supports the ex-wife's claim that the debtor converted her monies.

The degree of proof required for exception from discharge under § 523(a)(6) has been met here. *In re Held,* 734 F.2d 628, 630 (11th Cir.1984). *See also In re Mace,* 82 B.R. 864, 867–68 (Bankr.S.D.Ohio 1987); *In re Simmons,* 9 B.R. 62, 64–66 (Bankr.S. D.Fla.1981).

The evidence is clear and convincing that there was an unlawful appropriation of the ex-wife's portion of the funds. I find that the taking of the funds by the debtor was willful and malicious. I find that the "arrearage" amount of $10,064 which the Florida court concluded was received by the debtor and not turned over to the defendant ex-wife in accordance with the Settlement Agreement (¶ 18) is nondischargeable under § 523(a)(6).

■ The next issue is whether future retirement payments from IBM designated as the ex-wife's community property may be discharged by the debtor as a "division of property." I have not overlooked the debtor's argument of the effect of rendering § 523(a)(5) a nullity if a property settlement debt survives a discharge even though the divorced spouse's claim is not for alimony, maintenance or support. However, I find persuasive the decisions of two courts of appeal that under these circumstances the post-petition obligation is not a debt subject to the debtor's discharge. *In re Chandler,* 805 F.2d 555, 557 (5th Cir.1986), *cert. denied,* 481 U.S. 1049,

107 S.Ct. 2180, 95 L.Ed.2d 837 (1987); *In re Teichman,* 774 F.2d 1395, 1398 (9th Cir. 1985).

Finding the debtor to be a mere "conduit" for the payment of funds with no current obligation, the court in *Teichman* stated:

"[t]he husband is under no obligation to pay his former wife until the Air Force pays him; therefore, a debt does not arise under the Code until each payment is due. *See* 11 U.S.C. §§ (4), (11). Since the post-petition and prospective payments are not debts under the Code, they are not subject to discharge in this bankruptcy."

I find, therefore, that future payments of the IBM retirement benefits to the ex-wife are not dischargeable.

### Ex–Wife's Attorney's Fees

■ The Florida court retained jurisdiction specifically to determine the issue of reasonable attorney's fees in favor of the ex-wife. The parties' Agreement had provided for the court to retain jurisdiction until the debtor's retirement from IBM, or the death or remarriage of the ex-wife. These contingency factors are generally determinative in classifying actual alimony or support under § 523(a)(5). Therefore, the attorney's fees incurred by the ex-wife to pursue and collect her property interest in the retirement payments, which provided a substitute for the prior support payments, are nondischargeable in the nature of support under § 523(a)(5).

### Counterclaim and Cross–Claim of IBM

The debtor has joined IBM in this action to enforce his rights in the disputed funds. The funds are payments from IBM, which it now holds, due from December 1988 and the subsequent months. They are not property of this estate. Any uncertainty as to the proper payee which was created by the debtor's filing bankruptcy and seeking to hold IBM in contempt of the automatic stay is now resolved insofar as issues raised under § 523(a)(5). The Florida income deduction order remains valid. No purpose would be served by depositing the

**652**

funds with this court. To the extent that the provisions of the State court order were the subject of this proceeding, any uncertainty regarding the payees' entitlement has been resolved.

In addition, IBM seeks affirmative relief from this court to restrain the debtor from instituting any future actions against IBM relating to payment of the disputed plan benefits to his former wife.

I find that the request of IBM that it be dismissed as a party defendant from this action is the most appropriate relief. The request for interpleader is granted to this extent.

There is no contractual or statutory basis here for the award of attorney's fees to IBM. The court has discretion to award costs and counsel fees to a stakeholder in an interpleader action whenever it is fair and equitable to do so. 7 *C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d* § 1719 n. 5. Under the circumstances here, IBM's request for attorney's fees is denied.

As is required by B.R. 9021(a), a separate judgment will be entered in accordance herewith. Costs may be taxed on motion.

DONE and ORDERED.