**In re Carl Daniel JOHNSON and Linda June Johnson, Debtors.**

**Sandra Kay (Johnson) JACKSON, Plaintiff,**

**v.**

**Carl Daniel JOHNSON and Linda June Johnson and William Randal Wright, Trustee, Defendants.**

**Bankruptcy No. ED 88–76M.
Adv. No. 88–289M.**

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

June 28, 1989.

Steve Uhrynowycz, El Dorado, Ark., for debtors.

Henry Kinslow, El Dorado, Ark.

Wm. Randal Wright, Trustee, Hope, Ark.

MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On June 9, 1988, Carl Daniel Johnson (Johnson) and Linda June Johnson filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code. On July 19, 1988, Johnson's former wife, Sandra Kay (Johnson) Jackson, filed a complaint to determine her debt nondischargeable or, in the alternative, requesting a declaratory judgment that a one-half interest in Johnson's military retirement be declared her sole and separate property. A trial was held on January 24, 1989, and the Court took the matter under advisement.

The following shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and this Court has jurisdiction to enter a final judgment.

Johnson does not dispute the facts alleged in the plaintiff's complaint. Johnson and the plaintiff were divorced by a decree

of the District Court of Bowie County, Texas, filed for record on July 24, 1981. The divorce decree provided that:

> [The plaintiff] is awarded the following as [her] sole and separate property, and [Johnson] is hereby divested of all right, title and interest in and to such property:
> 1. one-half (½) of [Johnson's] military retirement;....

At the time of the divorce, Johnson's interest in his military retirement pension was not vested, but his interest became vested upon his retirement in January of 1986. The plaintiff received payments directly from the United States [1] and the last payment she received was in May of 1988 in the amount of $406.38. The payments ceased when Johnson filed for relief under the provisions of chapter 7.

The issue presented is whether the plaintiff's entitlement to one-half of Johnson's military retirement is a debt obligation arising out of a property settlement, which is dischargeable in a chapter 7 case, or whether it is a property interest which has already been distributed to the plaintiff by the Texas divorce court.

This issue has been the subject of considerable litigation. 11 U.S.C. § 541 defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." Nonbankruptcy law determines the nature and extent of the debtor's interest in the property. *Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979); *N.S. Garrott & Sons v. Union Planters Nat'l Bank (In re N.S. Garrott & Sons)*, 772 F.2d 462, 466 (8th Cir.1985). *See* 4 *Collier on Bankruptcy* ¶ 541.02[1] (15th ed. 1989). Typically, the nonbankruptcy law is state law, unless superseded by federal law.

The Supreme Court in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), held that states were not free to construe military retirement as property subject to division by state divorce courts because that characterization "conflict[ed] with the federal military retirement scheme." *Id.* at 223, 101 S.Ct. at 2736. The Court stated:

> "'[T]he whole subject of the domestic relations of husband and wife ... belongs to the laws of the States and not to the laws of the United States.'" ...
> Thus "[s]tate family and family-property law must do 'major damage' to 'clear and substantial' federal interests before the Supremacy Clause will demand that state law be overridden."

*Id.* at 220, 101 S.Ct. at 2735 (citations omitted).

In response to the Supreme Court's decision in *McCarty*, Congress enacted the Uniformed Services Former Spouses' Protection Act, Pub.L. No. 97–252, 96 Stat. 730 (1982) (codified at 10 U.S.C. § 1408 and scattered sections (1982 & Supp. IV 1986)) (the Act). The Act permits states to construe disposable military retirement pay as property subject to division by the state divorce courts with some exceptions not relevant here. 10 U.S.C. § 1408(c)(1).[2] *See Thomas v. Lyles (In re Thomas)*, 47 B.R. 27, 32 (Bankr.S.D.Cal.1984).

Subsequent to the passage of the Act, the Court of Appeals for the Fifth Circuit held that, in Texas, a chapter 7 debtor could not discharge the portion of his military retirement benefits awarded to his ex-spouse because the obligation was not a debt of the debtor but a debt of the United States and represented the sole property of the former spouse. *Chandler v. Chandler (In re Chandler)*, 805 F.2d 555, 557 (5th Cir.1986), *cert. denied*, 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 837 (1987). The same result has been reached in several other jurisdictions. *See Corrigan v. Corri-*

---

1. Federal regulations authorize direct payment of retirement pay to former spouses of retired military personnel in response to a court-ordered division of property. 32 C.F.R. §§ 63.1–.6 (1988).

2. The statute provides:

(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

*gan (In re Corrigan)*, 93 B.R. 81, 83 (Bankr.E.D.Va.1988); *Mace v. Mace (In re Mace)*, 82 B.R. 864, 868 (Bankr.S.D.Ohio 1987); *Manners v. Manners (In re Manners)*, 62 B.R. 656, 658 (Bankr.D.Mont. 1986); *Hall v. Hall (In re Hall)*, 51 B.R. 1002, 1003–04 (S.D.Ga.1985); *Thomas v. Lyles (In re Thomas)*, 47 B.R. at 32.

Johnson cites two cases in support of his contention that military retirement pay should be construed as a dischargeable debt arising out of a property settlement and not the plaintiff's property: *Barnett v. Barnett (In re Barnett)*, 62 B.R. 661 (Bankr.E.D.Mo.1986) and *Story v. Story (In re Story)*, 36 B.R. 546 (Bankr.M.D.Fla. 1983). In *Barnett* the state court judgment provided that: "Respondent is ordered to pay to Petitioner the sum of $3,759.40 as her share of the contributions to his pension fund and Petitioner [is] granted judgment for said amount." *Barnett v. Barnett (In re Barnett)*, 62 B.R. at 662. This provision distinguishes *Barnett* from the facts in this case because the Missouri state court awarded a judgment for a sum of money rather than vesting title to a portion of the retirement benefits as was done in this case. Furthermore, the *Barnett* case did not involve military retirement benefits and was therefore not governed by the provisions of 10 U.S.C. § 1408.

In *Story*, the Florida bankruptcy court, construing Texas law, found that the award of 35% of a debtor's military pension to his former wife could not logically represent a property right. *Story v. Story (In re Story)*, 36 B.R. at 548. No authority was cited by that court in support of its finding, which appears to be contrary to the reported decisions of the Texas courts. The Texas courts have consistently characterized military retirement benefits as community property subject to division by the divorce court, whether the rights are vested or not. *Southern v. Glenn*, 677 S.W.2d 576, 580 (Tex.Ct.App.1984). *See also Cameron v. Cameron*, 641 S.W.2d 210, 212–13 (Tex.1982); *Taggart v. Taggart*, 552 S.W.2d 422, 423 (Tex.1977); *Cearley v. Cearley*, 544 S.W.2d 661, 662–66 (Tex.1976); *Busby v. Busby*, 457 S.W.2d 551, 552–54 (Tex.

1970); *Harrell v. Harrell*, 700 S.W.2d 645, 647 (Tex.Ct.App.1986); *Harkrider v. Morales*, 686 S.W.2d 712, 714–15 (Tex.Ct.App. 1985); *Phillips v. Phillips*, 672 S.W.2d 610, 612 (Tex.Ct.App.1984); *Voronin v. Voronin*, 662 S.W.2d 102, 104–06 (Tex. Ct.App. 1983).

Therefore, Johnson is not entitled to discharge the plaintiff's entitlement to one-half of Johnson's military retirement because the right to payment is property which was awarded the plaintiff prepetition. A separate judgment in favor of the plaintiff will be entered pursuant to Bankruptcy Rule 9021.

IT IS SO ORDERED.