**In re Ronald Everett TIDWELL, Debtor.**

**Ronald Everett TIDWELL, Plaintiff,**

**v.**

**Anne TEGTMEYER, Defendant.**

**Bankruptcy Nos. 90–20195–BKC–SMW, 90–0145–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Aug. 6, 1990.

Michael Paul Shienvold, P.A., Fort Lauderdale, Fla., for Creditor.

Mark A. Roseman, Hollywood, Fla., for Debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE having come on to be heard on May 30, 1990, upon the complaint of RONALD EVERETT TIDWELL (the "debtor") against ANNE TEGTMEYER (the "creditor") to determine the dischargeability of a debt pursuant to 11 U.S.C. Section 523(a)(5), and upon the Counterclaim of the Creditor also pursuant to 11 U.S.C. Section 523(a)(5), and the Court having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered arguments of counsel and

being otherwise fully advised in the premises, does hereby make the following Findings of Fact And Conclusions of Law:

The debtor's complaint alleged that the debtor and the creditor were married in January, 1968, and were divorced pursuant to a Decree of Divorce entered August 11, 1978, by the District Court of Bexar County, Texas and that pursuant to the divorce decree a portion of the debtor's military retirement pension was awarded to the creditor as a property settlement under the Community Property Laws of the State of Texas. The creditor answered and admitted the validity of the divorce decree but claimed that the portion of the debtor's military retirement pension awarded to her was her separate property. The creditor also counterclaimed pursuant to Section 523(a)(5), of the Bankruptcy Code, and requested this Court to determine the dischargeability of a debt which the creditor alleged arose from past due child support payments owed to her by the debtor for support of the two children who were born during the parties' marriage. Thus, the creditor had to show that the debt which she desired to have declared non-dischargeable under 11 U.S.C. Section 523(a)(5) was to a child of the debtor for such child's maintenance or support and arose in connection with a separation agreement, divorce decree, or property settlement agreement. *In re Harrell*, 754 F.2d 902 (11th Cir.1985).

The debtor filed his bankruptcy petition on January 10, 1990. The creditor was scheduled as an unsecured creditor in regard to both past due child support payments and payments which the creditor was receiving based on the debtor's military pension. The debt based on the military pension was listed as disputed and was the basis for the debtor's filing of this adversary proceeding.

■ The testimony presented to this Court showed that the debtor retired from the Air Force in April, 1985, and in the fall of 1985 the creditor applied to the United States Air Force, Air Force Accounting Finance Center, in order to receive direct payments from the Air Force based on the debtor's pension and the provisions of the Uniformed Services Former Spouses Protection Act (FSPA), 10 U.S.C. Section 1408 (1982). The debtor testified that he was advised by the United States Air Force that the creditor had applied for direct pension payments pursuant to the FSPA and the debtor further testified that he made no objection or response whatsoever to that notice from the Air Force. The creditor testified that in September, 1985, she began receiving direct payments from the United States Air Force and has continued to receive those payments.

The creditor herein testified that after she began receiving payments under the Former Spouses Protection Act (FSPA) the debtor stopped making child support payments. The creditor then obtained a garnishment order which was served on the Air Force. However, the Air Force advised the creditor that it could not withold all monies necessary to pay the debtor's total child support payment because the provisions of the FSPA restricted the total amount which could be withheld from the debtor's pension benefits. The maximum which could be withheld from the debtor's pension benefits was 50% of those benefits. First, the Air Force would withhold that amount necessary to be paid to the creditor under the FSPA. Then, the Air Force would withhold the remaining portion, allowed by law, and paid to the creditor pursuant to the garnishment order. The problem for the creditor was that that portion paid over by the Air Force as child support payments did not equal the amount which the debtor was required to pay pursuant to the divorce decree. The debtor admitted that he had stopped making child support payments but alleged that all payments received by the creditor pursuant to the FSPA should be credited as child support and, therefore, he not only did not owe child support, but had overpaid child support payments due to the creditor.

This Court cannot accept the debtor's position. The FSPA payments were clearly divisible as testified to by the creditor. The debtor's unilateral decision to stop making child support payments and declare

that all payments being made pursuant to the FSPA should be credited to his child support obligations is absolutely incorrect. The creditor testified that she is owed approximately $9,000.00 in back child support payments.

Based on the evidence, this Court finds that the creditor is owed $8,000.00 in child support. The $8,000.00 owed by the debtor to the creditor as child support is a nondischargeable debt under 11 U.S.C. Section 523(a)(5).

■ Pursuant to the Texas divorce decree, a copy of which was received into evidence, the Texas state court found that the debtor was on active duty in the Air Force, that when he retired he would in reasonable probability receive a retirement benefit or a pension based on his military service and that to the extent that he served on active duty while married to the creditor and became entitled to the benefits, the community estate of the parties had a contingent interest in and to such pension benefits, if and when paid, which should be divided or awarded in the decree. The state court then continued, "IT IS DECREED that if and when Respondent (Debtor), RONALD TIDWELL, retires from the United States Air Force and receives a retirement benefits or pension, Petitioner, (Creditor) ANNE TIDWELL, shall have and she is hereby awarded a portion of all such benefits received by him which shall be computed as follows …"

Pursuant to the decree, debtor was also constituted a trustee for the use and benefit of the creditor to receive her portion of the military retirement benefit and deliver it to her within five (5) days of receipt. That procedure was instituted because at the time of the divorce decree there was no mechanism available for direct payment of military retirement benefits to a former spouse of a military retiree.

That mechanism became available in 1982. As the Texas Supreme Court opined in *Cameron v. Cameron*, 641 S.W.2d 210 (Texas, 1982), "On September 9, 1982, the President signed into law the Uniform Services Former Spouses' Protection Act … the purpose of the Act was to reverse the

effect of the *McCarty* [*McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) ]. Under the Act, a divorce court may divide military retirement pay between the spouses in accordance with the law of the jurisdiction of that court. The Act limits such division of retirement pay to periods beginning after June 25, 1981." *Cameron v. Cameron*, 641 S.W.2d at 213. In *Cameron,* the Texas Supreme Court was dealing with a divorce decree entered in 1979. Thus, the Texas Supreme Court applied the FSPA retroactively. This was made abundantly clear in the case of *Forsman v. Forsman*, 694 S.W.2d 112, 114 (Tex.Ct. of App. of Texas, San Antonio, 1985). It is, further, abundantly clear that the pension benefits awarded to the creditor herein by the Texas divorce decree were hers absolutely. The Texas Supreme Court, in the case of *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977), stated:

"We decided in *Cearly* that retirement benefits are subject to division as vested contingent community property rights even though the present right has not fully matured."

"Since *Cearly* controls this case, we hold that ANN TAGGART owned as her part of the community estate a share in the contingent right to military benefits even though that right had not matured at the time of the divorce." (Emphasis added.) *Taggart*, at 423.

This Court finds the case of *In re Chandler*, 805 F.2d 555 (5th Cir.1986) to be directly on point. In *Chandler* the debtor, an Army pensioner, filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Texas seeking to discharge debt to, among others, his ex-wife. The debt which the debtor was attempting to discharge was based on an award pursuant to a Texas divorce decree awarding the ex-wife a portion of the debtor's United States Army retirement benefits. The ex-wife filed an objection to discharge, and the bankruptcy court rendered judgment in her favor concluding that the portion of the monthly payments was her sole property. The United States District Court for the Northern District of Texas affirmed the bankrutpcy court and

the debtor appealed to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit stated: "[W]e are persuaded that Mrs. Chandler's position in her original complaint, that the $450.00 monthly payments are her sole property and not simply an obligation of Mr. Chandler's is correct." 805 F.2d at 557. This Court also finds as persuasive the cases of *Matter of Hall*, 51 B.R. 1002 (S.D.Ga.1985) and *In re McNierney*, 97 B.R. 648 (Bankr.S.D.Fla. 1989). The debtor has cited the cases of *In re Story*, 36 B.R. 546 (Bankr.M.D.Fla.1983) and *Bush v. Taylor*, 893 F.2d 962 (8th Cir.1990). The court in *In re Story*, did not have the benefit of *In re Chandler*, Supra, to guide it in its construction of Texas law and this Court cannot agree with the conclusion of the *Story* court that the Texas divorce decree being construed in *Story* did not create a vested property right. The case of *Bush v. Taylor*, 893 F.2d 962 (8th Cir.1990) is clearly not on point.

In *Bush*, the appellate court found that the payments which the debtor was making to the creditor, the debtor's ex-wife, gave rise to a "claim" as that term is defined in 11 U.S.C. Section 101(4) against the debtor. The Court then noted, "[T]here is no indication that a court has ordered the pension fund to pay benefits to Bush, or that the fund administrators have agreed to do so; therefore, only Taylor is 'liable' on this claim." *Bush v. Taylor*, 893 F.2d 962 (8th Cir.1990). In the instant case, the testimony was clear that the creditor applied for direct payments from the Air Force pursuant to the FSPA and the debtor made no objection from that point forward. Under the terms of the FSPA, and the regulations promulgated attendant thereto, the United States Air Force was directly liable to the creditor for the pension benefits which constituted her sole property thereby giving her a "claim" against the Air Force and not the debtor. Based on the foregoing this Court finds that the creditor had a vested property right in the debtor's pension benefits and that pursuant to the Texas divorce decree, those pension benefits became the creditor's individual property.

A separate Final Judgment of even date has been entered in conformity herewith.

## FINAL JUDGMENT

In conformity with the Findings of Fact And Conclusions of Law entered contemporaneously with this Judgment, it is hereby

### ORDERED AND ADJUDGED

1. That the award to the creditor, ANNE TEGTMEYER, of an interest in the pension benefits of the debtor, RONALD EVERETT TIDWELL, is a non-dischargeable debt under 11 U.S.C. Section 523(a)(5). The creditor shall continue to receive said benefits as her sole and absolute property.

2. That the debtor owes the creditor, ANNE TEGTMEYER, the sum of $8,000.00 as past due child support payments and the debt is not dischargeable pursuant to the provisions of Section 523(a)(5) of the Bankruptcy Code.

DONE AND ORDERED.