**Ronald A. RESARE, Appellant,**

v.

**Susan G. RESARE, Appellee.**

Civ. A. No. 92–0431L.

United States District Court,
D. Rhode Island.

April 26, 1993.

Kathleen A. Ryan, Boyajian, Harrington & Richardson, Providence, RI, for appellant.

Kathleen Managhan, Corcoran, Peckham & Hayes, Newport, RI, for appellee.

### MEMORANDUM AND ORDER

RONALD R. LAGUEUX, Chief Judge.

This matter is before the Court on appeal from a decision and order entered by the United States Bankruptcy Court for the District of Rhode Island on July 10, 1992. 142 B.R. 44. The debtor, Ronald A. Resare, appeals the Bankruptcy Court's determination that the interest of his former wife, Susan G. Resare, in thirty-five percent of her former husband's military pension became her sole and separate property on March 3, 1986 when the final decree of divorce was entered, and therefore does not pass through the bankruptcy estate.

For the reasons given below, the order of the Bankruptcy Court is affirmed.

## I. Background

The undisputed facts as set forth by the Bankruptcy Court are as follows: On March 3, 1986, Susan and Ronald Resare were granted a final decree of divorce by the Rhode Island Family Court. The parties' Property Settlement Agreement (the "Agreement"), which was incorporated by reference into the divorce decree and approved by the Family Court, is pivotal to the resolution of this dispute.

For our purposes, paragraphs four, eleven, and twelve of the Agreement are relevant. Paragraph four, denominated "Spousal Support", contains a list of those expenses that the husband was obligated to pay as support in behalf of his former wife, including the mortgage, taxes and insurance on the marital domicile for a five year period, and certain educational expenses and counseling costs. Paragraph eleven, labeled "Navy Retirement", provides that:

> [t]he wife shall be entitled to receive as a property settlement, a sum equal to thirty-five (35%) percent of the gross pension of the husband. The husband shall also sign all necessary documents in order to provide all other benefits through the United States Government for the benefit of said wife, including medical and commissary benefits, to the extent the wife is entitled to such benefits.

Finally, paragraph twelve contains a waiver of alimony provision, and states that "[u]pon the payment by husband of the sums enumerated in paragraph (4) herein, the wife permanently waives all claims for alimony."

Ronald Resare retired from the United States Navy after twenty-two years of service, while the parties were still married, and at the time of the divorce he was receiving his military retirement benefits. As noted, paragraph eleven of the Agreement gave Susan Resare a thirty-five percent interest in the pension benefits. After the divorce and in accordance with the Agreement, Ronald Resare made the agreed upon payments to his former wife, from 1986 until November, 1988. Commencing in December, 1988, however, Susan Resare's pension benefits were paid directly to her by the United States Treasury.

On August 28, 1991, Ronald Resare filed his Chapter 7 petition in the Bankruptcy Court. On Schedule F of the bankruptcy petition, the debtor listed Susan Resare as a creditor for any sums due under the Property Settlement Agreement, listing the amount due as unknown.

The instant case was brought as an adversary proceeding in the Bankruptcy Court on the cross complaints of the debtor and his former wife. They sought a determination as to whether Susan Resare's claim to thirty-five percent of the debtor's gross military pension, pursuant to the Agreement, was a debt of the estate subject to discharge. The Bankruptcy Court held that Susan Resare's interest in the pension became absolute upon the granting of the divorce, and was therefore not part of the debtor's estate.

Ronald Resare brought this appeal pursuant to 28 U.S.C. § 158(a), arguing that the Agreement merely created a debt, and did not transfer an interest in the pension. The parties engaged in oral argument on December 11, 1992, and the matter was taken under advisement. It is now in order for decision.

## II. Discussion

██ Ronald Resare's appeal presents two basic questions for this Court's decision. First, whether the Bankruptcy Court erred in finding that Susan Resare's interest in thirty-five percent of the pension became her sole and separate property when the final decree of divorce was entered, and therefore would not pass through the bankruptcy estate. Second, if the Bankruptcy Court was in error, whether Susan Resare's claim is a debt subject to discharge under 28 U.S.C. § 523(a)(5). Like the Bankruptcy Court, this Court

finds the first issue dispositive.[1]

The above issues present questions of law, which are reviewed de novo by this Court. *In re New England Fish Co.,* 749 F.2d 1277 (9th Cir.1984). Under the Bankruptcy Code, the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case". 11 U.S.C. § 541. Non-bankruptcy law determines the nature and extent of the debtor's interest in property under § 541. *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *Jackson v. Johnson (In re Johnson),* 113 B.R. 514, 515 (Bankr. W.D.Ark.1989). Therefore, the nature of Susan Resare's interest in the pension is determined by the construction of the Property Settlement Agreement under Rhode Island law.

It is clear that if the Agreement effected a transfer of an interest in the pension, that portion of the pension is not considered part of the bankruptcy estate. *See Chandler v. Chandler (In re Chandler),* 805 F.2d 555 (5th Cir.1986), *cert. denied,* 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 837 (1987) (monthly army retirement benefits award to wife pursuant to divorce decree were sole and separate property of wife and did not become property of the debtor's estate); *Zick v. Zick (In re Zick),* 123 B.R. 825 (Bankr.E.D.Wis.1990) (same); *Stolp v. Stolp (In re Stolp),* 116 B.R. 131 (Bankr.W.D.Wis.1990) (same); *Farrow v. Farrow (In re Farrow),* 116 B.R. 310 (Bankr.M.D.Ga.1990) (same); *cf. Bush v. Taylor,* 912 F.2d 989 (8th Cir.1990) (non-

debtor ex-spouse's share of pension was her sole and separate property which debtor held in constructive trust for her benefit).

The Bankruptcy Court found that the language of the Agreement was "clear and unambiguous" in granting Susan Resare "an immediate and absolute property interest in the pension, at the same time divesting the former of any further ownership interest in that portion of the pension awarded the wife." Ronald Resare disputes this construction, arguing that the terms of the Agreement as a whole demonstrate that when the parties intended to vest title of an asset in one of the parties, it did so explicitly. In contrast, the provision relating to the Navy pension was treated in a separate section from the property transfers, and stated that the wife would be entitled to receive a "sum equal to" thirty-five percent of the gross pension. This, he argues, creates a debtor/creditor relationship, not an outright transfer.

The Court agrees with Ronald Resare that the terms of the Agreement do not clearly and unambiguously create a property transfer. The provision states that it is a property settlement, which creates the aura of a transfer of property. However, the language that the wife is entitled to "a sum equal to thirty-five percent of the gross pension" creates an ambiguity as to whether Susan Resare was due a payment of money in place of her interest in the pension, or a thirty-five percent interest in the pension itself. In resolving that ambi-

---

1. Mr. Resare's appeal states four issues for decision. They are:
   1. Whether the Bankruptcy Court erred in finding that the Property Settlement Agreement between Ronald A. Resare and Susan G. Resare and/or the Newport County Family Court Divorce Decree granted Susan G. Resare an immediate and absolute property interest in a 35% portion of Ronald A. Resare's retirement pension from the United States Navy, and simultaneously divested Ronald A. Resare of any further ownership interest in that portion of his pension?
   2. Whether Ronald A. Resare's full military pension constitutes property of the bankruptcy estate?
   3. Whether the property settlement obligation of Ronald A. Resare to pay the sum equal to 35% of his retirement pension from the United States Navy constitutes a debt which is dischargeable under Section 523(a)(5)?
   4. Whether the Bankruptcy Court erred in finding that the final divorce judgment of the Newport County Family Court, which approved the Property Settlement Agreement and incorporated its terms by reference, without merging it therein, created a judicially decreed sole and separate property interest of Susan G. Resare in and to a 35% portion of Ronald A. Resare's retirement pension?

   Since issue 1, 2, and 4 appear to this Court to be mere restatements of the same question, the Court will address the issues as it has defined them.

guity, the Court concludes that the parties' later conduct in arranging for Susan Resare's direct payment by the government demonstrates their intent that the division of the pension was to be a property transfer.

It is well established "that where the terms of a contract are ambiguous and the parties themselves have placed their own construction upon the contract such construction will ordinarily be resorted to by the court to ascertain its true intent." *Coe v. Zwetchkenbaum,* 89 R.I. 358, 364, 153 A.2d 517 (1959). In this case, the parties arranged for direct payment to Susan Resare under 10 U.S.C. § 1408, which provides that the appropriate Secretary shall make payments from retired pay to a spouse or former spouse after effective service of a qualifying court order. A "court order" must be:

a final decree of divorce, dissolution, annulment, or legal separation issued by a court, or a court ordered, ratified, or approved property settlement incident to such a decree ..., which—

(B) provides for—

(i) payment of child support ...;

(ii) payment of alimony ...; or

(iii) division of property ...; and

(C) specifically provides for the payment of an amount, expressed in dollars or as a percentage ... from the disposable retired or retainer pay of a member....

10 U.S.C. § 1408(a)(2). The statute "does not *create* any right, title, or interest," § 1408(c)(2) (emphasis added), but use of this arrangement does shed light on the intent of the parties with respect to the pension interest.

The Court rejects Ronald Resare's contention that this arrangement was merely for the convenience of the parties. Despite counsel's contrary assertion at the hearing, the Court is convinced that Ronald Resare could not unilaterally alter this arrangement. Under the statute, such payments terminate "in accordance with the terms of the applicable court order" or on the death of either party. § 1408(d)(4).

Ronald Resare misreads the statutory provision in section 1408(d)(5), when he says that it provides that if a former spouse seeks payment under a division of property whereby the pension was treated as property of the member *and* his spouse, then a former spouse must serve upon the Secretary a final court order of garnishment. He argues that the absence of such a garnishment order indicates that the pension was not being treated as property of both spouses. Actually, the statutory provision is the opposite of what Ronald Resare contends. It provides that

[i]f a court order ... provides for a division of property ... *in addition to* an amount of child support or alimony or the payment of an amount of disposable retired pay as a result of the court's treatment of such pay ... as property of the member and his spouse, the Secretary concerned shall pay ... upon effective service of a final court order of garnishment....

§ 1408(d)(5) (emphasis added). This provision does not require an order of garnishment when the retired pay is treated as property of both spouses. Rather, it requires an order of garnishment when a former spouse is seeking payment for property settlements *other than* when a pension is treated as property of both spouses; for example, when the property settlement involves a mere debt. The provision was intended to authorize payment of retired pay to a former spouse "to satisfy a court order garnishing retired pay for non-payment of property settlements other than retired pay." H.Conf.Rep. No. 97–749, 97th Cong., 2d Sess. 166 (1982), *reprinted in* 1982 U.S.C.C.A.N. 1569, 1571.

The Court notes again that it is not the characterization of this arrangement under the federal statute that creates Susan Resare's property interest in the pension. The statute authorizes courts to treat retired pay as property of the member and spouse, but does not create any right, title, or interest. 10 U.S.C. § 1408(c)(1) and (2). However, the parties' decision to resort to this arrangement, which provides direct payment to Susan Resare by the United States Treasury, when it is not terminable at Ronald Resare's option, is evidence of

the parties intent that Susan Resare's claim was not merely a debt. Under Rhode Island law, such subsequent conduct construing the terms of a contract is determinative in this situation. *Coe*, 89 R.I. at 364, 153 A.2d 517. Susan Resare's interest in thirty-five percent of her former husband's pension is her sole and separate property. It is therefore not a part of the bankruptcy estate, and it is not a debt dischargeable in the bankruptcy proceedings.

### III. Conclusion

For the reasons given above, the order of the Bankruptcy Court is affirmed.

It is so ordered.