WOLF, Judge.
Darlene Adkins appeals an order granting motion for entry of a qualified domestic relations order (QDRO). The issue is whether the order granting the husband’s motion for entry of a QDRO and the QDRO entered were in violation of the permanent injunctive provisions of the bankruptcy code, and thus void. We hold that the orders are not in violation of the bankruptcy code and affirm. The parties were divorced by final judgment entered October 12,1994, which incorporated the provisions of a stipulation and agreement of the parties. Paragraph 9(a) of the final judgment provided as follows:
The husband shall receive a fifty (50%) percent share of the wife’s profit sharing plan in the amount of $5,083.49 as of July 31,1994.
In paragraph 10 of the final judgment dealing with the marital debt, it was stated that both husband and wife would be filing for chapter 7 bankruptcy. In the wife’s subsequent bankruptcy petition, she listed the husband as an unsecured creditor.[1]
On July 25, 1995, the former husband filed a motion with the court to enforce the provision in paragraph 9(a) of the final judgment by entering a QDRO to obtain his interest in the profit-sharing plan. The wife objected to the entry of the QDRO, arguing that section 524 of the bankruptcy code[2] bars entry of such an order because the award to the husband of 50 percent of the profit-sharing plan amounted to a court-ordered cash payment from the wife to the husband and was, therefore, a debt owed the husband by the wife which was discharged by the bankruptcy. The wife sought declaratory judgment that the actions of the husband and his attorney were in violation of the permanent injunction provision of the bankruptcy code and sought permanent injunction against efforts to collect.
On August 17, 1995, a hearing was held on the husband’s motion for a QDRO. Following the hearing, the court rejected the wife’s contention and granted the husband’s motion for entry of a qualified domestic relations order. The court entered the qualified domestic relations order at the same time. The wife is appealing both of those orders.
The appellant’s major argument is that the distribution of the profit-sharing plan in the final judgment created a debt which she herself owed to the former husband, and as such, the debt would have been discharged by her bankruptcy under 11 U.S.C. § 524.[3] This argument turns on the question of whether the final judgment actually created a debt from the wife to the husband in the division of the profit-sharing plan.
Paragraph 9(a) of the final judgment provided that the husband was to receive a 50 percent share of the wife’s profit-sharing plan in the amount of $5,083.49 as an equitable distribution of the marital estate. On *201 September 27, 1994, the parties entered into a detailed stipulation and agreement which was signed by both parties and was incorporated into the October 12, 1994, final judgment of dissolution. Paragraph 9(a) of the final judgment was taken verbatim from the parties’ stipulation and agreement, as were all of the provisions in regard to equitable distribution of the marital assets.
Immediately following the section on equitable distribution in both the parties’ agreement and the final judgment, there is a section providing for the responsibility for marital debt. Both the agreement and the final judgment include the statement that “the husband and wife are each filing for relief under chapter 7 bankruptcy proceedings.” Clearly, the marital assets and the marital debts were distinguished by the parties themselves prior to dissolution, and it is obvious that the husband’s award of 50 percent of the profit-sharing plan was recognized as a marital asset and not as a debt.
Sections 61.075 and 61.076, Florida Statutes., specify that all funds accrued during a marriage in pension and profit-sharing plans are marital assets. The effect of paragraph 9(a) of the final judgment was to divide a marital asset, in this case, the wife’s profit-sharing plan through her place of employment. Such a disposition of pension benefits is permitted under Florida law. See, e.g., Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986). Under the agreement of the parties, it does not appear that any of the distributions of marital assets created a liability or an obligation on the part of either the husband or the wife. There was no debt created, and the wife was not required to perform any act in order to transfer money from the profit-sharing plan or to pay the husband any part of the money herself.
In the absence of cases on point relating to profit-sharing plans, the most closely analogous eases appear to be those involving pensions such as military pension payments; for example, the cases of Matter of Newcomb, 151 B.R. 287 (Bkrtcy.M.D.Fla.1993), and In re Tidwell, 117 B.R. 739 (Bkrtcy.S.D.Fla. 1990). The logic applied in those cases appears to be applicable to profit-sharing plans, particularly in Florida where pensions and profit-sharing plans have both been expressly declared to be marital assets. In Newcomb, the court held that a former spouse’s interest in military pension payments which were awarded to that spouse pursuant to a divorce decree did not constitute a debt within the meaning of the bankruptcy code; therefore, a bankruptcy by the other spouse did not eliminate the first spouse’s right to receive their share of the military pension payments. The same result was reached by the bankruptcy court in the Southern District of Florida in Tidwell, supra. See also In re McNierney, 97 B.R. 648 (Bkrtcy.S.D.Fla.1989) (debtor’s obligation to former spouse to pay retirement benefits in the future pursuant to judgment of dissolution is not obligation of debtor to which bankruptcy discharge applies — debtor is mere conduit for payment of funds from employer to former spouse). In Newcomb, the court reasoned that the military pension payments did not constitute a debt under the bankruptcy code, and stated,
Defendant’s interest in the payments constitutes the sole and separate property of defendant. Therefore, the payments are not property of the bankruptcy estate, are not subject to the automatic stay imposed by section 362 of the bankruptcy code, and are not dischargeable.
Id. at 290. Likewise, in Tidwell, the court found that the military retirement benefits awarded a former spouse in a dissolution were that spouse’s personal property and an obligation owed by the air force; therefore, the payments were not an obligation which could be discharged in bankruptcy. The reasoning of Newcomb and Tidwell is applicable in the instant case. We find that the appel-lee’s interest in one-half of appellant’s profit-sharing plan is his sole and separate property, and therefore not a debt as that term is used in the bankruptcy code, and not subject to discharge in bankruptcy.
JOANOS and BENTON, JJ., concur.

. The former wife filed her voluntary chapter 7 petition on October 17, 1994, and an order of discharge was entered on January 27, 1995.

. 11 U.S.C. § 524 states that the effect of discharge is that it operates as an injunction against an action to collect a debt.

.Section 524 states that a discharge and bankruptcy voids any judgment to the extent that the judgment is a determination of the personal liability of the debtor with respect to any debt discharged and operates as an injunction against any action to collect or recover any such debt as a personal liability of the debtor.