**In re Harold S. FARROW, Sr., SSN: 049–26–8043, Evelyn Barnes Farrow, SSN: 264–72–0262, Debtors.**

**Gay Ann Pedersen FARROW, Plaintiff,**

v.

**Harold S. FARROW, Sr., Defendant.**

**Bankruptcy No. 89–40899–COL.
Adv. No. 89–4089–COL.**

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

April 23, 1990.

---

3. 11 U.S.C.A. § 105 (West Supp.1990).

Stephen Hyles, Columbus, Ga., for plaintiff.

Brace W. Luquire, Columbus, Ga., for defendant.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

This is an Adversary Proceeding brought wherein the Plaintiff who is the Debtor's ex-wife asks the court for a declaratory judgment that she is entitled to one-half of the Debtor's net retirement annuity benefit as a result of his service in the United States Navy Reserve. The Plaintiff also asks that if the court determines that the interest in one-half of the retirement benefit is not her separate property that the court determine that the Debtor's obligation to pay or to cause the same to be paid to her is nondischargeable in bankruptcy pursuant to § 523(a)(5) of the Bankruptcy Code.

After a bench trial, the Plaintiff and Defendant were divorced by order of the Superior Court of Muscogee County, Georgia, entered April 7, 1989. That order was prepared by the Debtor's attorney who represented the Debtor both in the divorce and in this bankruptcy proceeding. Insofar as is relevant to this proceeding, the final judgment and decree provided as follows:

"The court finds that the plaintiff Gay Ann Peterson [sic] Farrow is not entitled to alimony.

The court makes and [sic] equitable division of the marital property as follows:

\*    \*    \*    \*    \*    \*

The plaintiff shall have an interest in one half of the net retirement annuity benefit paid to the defendant as a result of his enlistment in the United States Navel [sic] Reserve upon the same being paid to the defendant at such time he shall be eligible to receive the same. The defendant shall further make an election on the spouse benefit program in favor of the plaintiff Gay Ann Peterson [sic] Farrow if the same is available to him under regulations governing such election."

\*    \*    \*    \*    \*    \*

"Whenever in violation of the terms [sic] this decree there shall have been a failure to make support payments due hereunder so that the amount payable is equal to or greater then [sic] the amount payable for one month, the payments required to be made may be collected by the process of continuing garnishment."

On August 3, 1989, the Debtor and his new wife filed a joint petition in bankruptcy under Chapter 7 of the Bankruptcy Code. No reference is made in the bankruptcy schedules or statement of affairs with regard to any naval pension. The Plaintiff is listed as an unsecured creditor in an amount listed as "unknown."

After the Defendant filed his answer and defenses and a motion to dismiss, the Plaintiff filed a motion for summary judgment.

The parties stipulated in evidence a certified copy of the Superior Court final judgment and decree. The parties further stipulated through counsel that the Defendant was not entitled to any pension payments at the time of the divorce decree or at the time the joint bankruptcy petition was filed, but that he has become entitled to an annuity benefit as a result of his service in the United States Navy Reserve with payments either having just begun or that the payments will begin shortly.

The parties made oral argument on the Plaintiff's motion for summary judgment on March 5, 1990. The court invited counsel for Plaintiff and Defendant to submit briefs. The briefing schedule has now run and no briefs have been filed. The court therefore enters this Memorandum Opinion and grants the Plaintiff's motion for summary judgment.

If the determination of this case were dependent upon a finding as to whether or not the Superior Court intended the interest in the retirement annuity to be in the nature of support, the court would have to deny the motion for summary judgment and have a trial in order to determine the intent. Although the decree specifically provides that the Plaintiff is not entitled to alimony and lists the interest in the retirement annuity as an equitable division of the marital property, the court is unable to determine based solely on the language of the decree whether or not the Superior Court intended by awarding the Plaintiff an interest in the Defendant's retirement annuity to provide for a payment actually in the nature of alimony, support or maintenance.

■ It is, however, clear from the decree and the stipulations of counsel that the Plaintiff's entitlement to one half of the net retirement annuity was fixed pre-petition in the divorce judgment and decree, but that the entitlement to receipt of the same did not come into being until the Defendant qualified for his annuity apparently early in 1990 well after the filing of the bankruptcy case. The court finds that pursuant to 10 U.S.C.A. § 1408 the obligation to pay the same to the Plaintiff is an obligation of the Secretary of the Navy after effective service on the Secretary of a copy of the court order in question. Under these circumstances, the court finds that the obligations set forth in the pertinent portion of the final judgment and decree in question was not a debt of the Debtor at the time the bankruptcy case was filed or at this time. The interest in one half of the net retirement annuity benefit is the sole and separate property of the Plaintiff. *In re Chandler,* 805 F.2d 555 (5th Cir.1986); *In re Teichman,* 774 F.2d 1395 (9th Cir.1985); *In re Hall,* 51 B.R. 1002 (S.D.Ga.1985); *In re McNierney,* 97 B.R. 648 (Bankr.S.D.Fla. 1989).

■ Alternatively, the court finds that if there is an obligation on the Debtor to make the payment in question, he holds any post petition payment that he might receive on his retirement benefit in constructive trust for the Plaintiff to the extent of one half of such net benefit.

*O.C.G.A. § 53–12–32* provides as follows:

"Whenever the circumstances are such that the person taking the legal estate, either from fraud or otherwise, cannot enjoy the beneficial interest without violating some established principle of equity, the court will declare him a trustee for the person specifically entitled if such person has not waived his right by subsequent ratification or long acquiescence."

Under the circumstances of this case, the court finds that established principles of equity would not allow the Defendant to be unjustly enriched at the expense of the Plaintiff by discharging in bankruptcy the interest in his retirement annuity benefit established by the final judgment and decree of the Superior Court of Muscogee County, Georgia.

The court is not unmindful of the recent decision from the United States Court of Appeals for the Eighth Circuit, *Bush v. Taylor,* 893 F.2d 962 (8th Cir.1990). The court has carefully studied that decision. That decision drew a vigorous dissent from Circuit Judge Bowman which called the result "unconscionable." This court has also been advised that the Eighth Circuit

has held a rehearing *en banc*. The instant case is somewhat distinguishable from the Eighth Circuit case in that the parties in that case had stipulated that the obligation was for a property settlement and not in the nature of alimony, maintenance or support and also the parties had entered into a modification of the original judgment. The modification of the original judgment required the former husband to make the payments in an amount less than the original interest awarded plus one half of any subsequent increase in the annuity. Thus it seems at least as the result of the modification of the original decree that there was in fact an obligation on the former husband to make payments at the time he filed his bankruptcy. To the extent that *Bush v. Taylor* is not distinguishable, this court declines to follow that case. No binding Eleventh Circuit authority has been found by this court and this court is persuaded by the decisions of the Fifth and Ninth Circuit Courts of Appeals and by the reasoning of Judge Alaimo and Judge Britton in the cases previously cited from the District Court in the Southern District of Georgia and the Bankruptcy Court in the Southern District of Florida.

### ORDER

In accordance with the Memorandum Opinion entered this date, the court grants the Plaintiff's Motion for Summary Judgment. The Plaintiff has an interest in one half of the net retirement annuity benefit paid to the Defendant as a result of his service in the United States Navy Reserve which is her own separate property and any obligation of the Defendant in regard thereto is not an obligation that is dischargeable in bankruptcy. Alternatively, any such obligation that the Defendant has he holds in constructive trust for the benefit of the Plaintiff and his obligation as a trustee is not dischargeable in bankruptcy.

SO ORDERED.