**In re Ronald A. RESARE and Cyntha J. Resare, Debtors.**

**Susan G. RESARE, Plaintiff,**

v.

**Ronald A. RESARE, Defendant.**

**Ronald A. RESARE, Plaintiff,**

v.

**Susan G. RESARE, Defendant.**

Bankruptcy No. 91–12258.
Adv. Nos. 91–1232, 91–1231.

United States Bankruptcy Court,
D. Rhode Island.

July 10, 1992.

John Boyajian, Boyajian, Harrington & Richardson, Providence, R.I., for Ronald A. Resare and Cyntha J. Resare.

Kathleen Managhan, Corcoran, Peckham & Hayes, Newport, R.I., for Susan G. Resare.

DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before the Court are the cross complaints[1] of the Debtor, Ronald A. Resare (the "Debtor"), and his former wife, Susan G. Resare ("Ms. Resare"),[2] for a determination as to whether Ms. Resare's claim to thirty-five percent (35%) of the Debtor's gross military pension, pursuant to the parties' 1986 Property Settlement Agreement, is a debt of this Estate subject to discharge *within the meaning of* Bankruptcy Code §§ 523(a)(5), 541 and 727.

The undisputed facts are as follows: On March 3, 1986, Susan and Ronald Resare were granted a final decree of divorce by the Rhode Island Family Court. The par-

---

**1.** For efficiency and convenience, the parties' opposing adversary complaints were consolidated administratively and are treated accordingly herein.

**2.** By agreement, count one of Ms. Resare's [amended] complaint is dismissed with prejudice, and therefore the only issue is whether her right to continue to receive the subject pension benefits survives the bankruptcy.

ties' Property Settlement Agreement (the "Agreement"), which was incorporated by reference into the divorce decree and approved by the Family Court, is pivotal to the resolution of this dispute.

For our purposes, paragraphs four, eleven, and twelve of the Agreement are relevant. Paragraph four, denominated "Spousal Support", contains those expenses that the husband was obligated to pay as support in behalf of his former wife, including the mortgage, taxes and insurance on the marital domicile for a five year period, and certain educational expenses and counseling costs. Paragraph eleven, labeled "Navy Retirement", provides that:

> [t]he wife shall be entitled to receive as a property settlement, a sum equal to thirty-five (35%) percent of the gross pension of the husband. The husband shall also sign all necessary documents in order to provide all other benefits through the United States Government for the benefit of said wife, including medical and commissary benefits, to the extent the wife is entitled to such benefits.

Finally, paragraph twelve contains a waiver of alimony provision, and states that "[u]pon the payment by husband of the sums enumerated in paragraph (4) herein, the wife permanently waives all claims for alimony."

Ronald Resare retired from the United States Navy after twenty-two years of service, while the parties were still married, and at the time of the divorce he was receiving his military retirement benefits. As noted, paragraph eleven of the Agreement gave Ms. Resare a thirty-five percent interest in the pension benefits. After the divorce and in accordance with the Agree-

ment, the Debtor made the agreed upon payments to his former wife, from 1986 until November, 1988. Commencing in December, 1988, however, Ms. Resare's pension benefits were paid directly to her by the United States Treasury. On August 28, 1991, the Debtor filed his Chapter 7 petition in this Court.

### DISCUSSION

■ Although three issues of law have been presented for decision,[3] based upon this Court's consideration of the undisputed facts, exhibits and the applicable legal authorities, we find the second issue dispositive; that is, whether Ms. Resare's entitlement to 35% of her former husband's military pension vested on March 3, 1986 when the final decree of divorce was entered, or put another way, whether her interest in said pension benefits became her sole and separate property, which, therefore, would not pass through the bankruptcy estate. We answer in the affirmative.[4]

■ Section 541 of the Bankruptcy Code provides that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case". Nonbankruptcy law determines the nature and extent of the debtor's interest in property, for § 541 purposes. *Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979); *Jackson v. Johnson (In re Johnson)*, 113 B.R. 514, 515 (Bankr. W.D.Ark.1989).

Numerous recent cases have considered whether a former spouse's pension entitlement is a "debt" of the Debtor at the time of the bankruptcy filing, for purposes of

---

**3.** In the Joint Pretrial Order, the parties have presented the following legal issues:

1. Whether Ronald A. Resare's obligation to pay a sum equal to 35% of his retirement pension from the United States Navy is dischargeable under § 523(a)(5)?

2. Whether title to the 35% interest in Ronald A. Resare's military pension awarded to Ms. Resare pursuant to paragraph 11 of the Agreement was conveyed to her pursuant to the Agreement and divorce decree and is therefore not property of the Debtor's bankruptcy estate? and

**3.** Whether post-petition payments to Ms. Resare made pursuant to paragraph 11 of the Agreement constitute debts, subject to discharge?

**4.** Under our analysis, the facts here are no different than if, as part of a settlement agreement, Mr. Resare had conveyed his interest in a house, a car, or any other type of property, to his former wife. After the effective date of the transfer, the 35% interest in question was no longer the property of Mr. Resare, and therefore it cannot be property of his bankruptcy estate.

determining property and dischargeability issues. *See Chandler v. Chandler (In re Chandler)*, 805 F.2d 555 (5th Cir.1986), *cert. denied*, 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 837 (1987) (monthly army retirement benefits awarded to wife pursuant to divorce decree were sole and separate property of wife and did not become property of the debtor's estate); *Zick v. Zick (In re Zick)*, 123 B.R. 825 (Bankr.E.D.Wis.1990) (where prepetition divorce decree awarded wife portion of pension, that portion did not constitute husband's property at time of bankruptcy filing and thus could not be excepted from discharge); *Stolp v. Stolp (In re Stolp)*, 116 B.R. 131 (Bankr. W.D.Wis.1990) (court held that one half of Chapter 7 debtor's military pension awarded to wife in prepetition divorce was not property of bankruptcy estate); *Farrow v. Farrow (In re Farrow)*, 116 B.R. 310 (Bankr.M.D.Ga.1990); *In re Johnson*, 113 B.R. at 515; *Thomas v. Lyles (In re Thomas)*, 47 B.R. 27, 34 (Bankr.S.D.Cal.1984) (no debt is created by a provision in a property settlement agreement apportioning military retirement benefits, for the Debtor incurs no personal financial obligation); *cf. Bush v. Taylor*, 912 F.2d 989 (8th Cir.1990) (nondebtor ex-spouse's share of pension was her sole and separate property which debtor held in constructive trust for her benefit); *In re Kinder*, 133 B.R. 151 (Bankr. W.D.Mo.1991) (obligation of divorced husband to pay over to his former wife one half of his pension benefits pursuant to divorce gives rise to constructive trust relationship, rather than one of debtor-creditor).

In each of the above referenced decisions, on similar facts as presented here, the Court found that the former spouse's interest in the Debtor's pension became absolute upon the granting of the divorce, and thereafter was the "sole and separate" property of the non-debtor spouse. *In re Farrow*, 116 B.R. at 312; *In re Zick*, 123

B.R. at 825. We agree with the analysis in *In re Zick* that "the divorce court did not create an obligation of the husband to the wife as part of a property division that he can now discharge. The court awarded Peggy Zick a portion of the pension fund in her husband's name; it became her property, not his." *Id.* at 829.

Here, the Agreement provides that "the wife shall be *entitled to receive* as a property settlement,[5] a sum equal to thirty-five (35%) of the gross pension of the husband." We find that this clear and unambiguous language granted the wife an immediate and absolute property interest in the pension, at the same time divesting the former husband of any further ownership interest in that portion of the pension awarded the wife. Further, we adopt the reasoning and findings of the Bankruptcy Court in *In re Farrow*, 116 B.R. at 312, that:

the obligation to pay the same [pension] to the Plaintiff is an obligation of the Secretary of the Navy after effective service on the Secretary of a copy of the court order in question. Under these circumstances, the court finds that the obligations set forth in the pertinent portion of the final judgment and decree in question was not a debt of the Debtor at the time the bankruptcy case was filed or at this time. The interest in one half [here, thirty-five percent] of the net retirement annuity benefit is the sole and separate property of the Plaintiff.

Accordingly, it is our conclusion that Ms. Resare's entitlement to thirty-five percent of the Debtor's military pension vested as her sole and separate property as of March 3, 1986. In these circumstances, no debt existed between the Debtor and his former wife at the time of the filing. If any debt does exist, it is between the Department of the Treasury and Ms. Resare.

---

5. Because we are deciding this dispute on the ground that Ms. Resare's interest in the pension is not part of the Debtor's bankruptcy estate, we do not reach the issue of whether, absent such a ruling, this award was in the nature of alimony, support, or maintenance, or was intended as a property division. Based upon well-established

law however, it is clear that we are not bound by the labels attached to such awards in the divorce decree or settlement agreement. *Young v. Young (In re Young)*, 72 B.R. 450, 452 (Bankr. D.R.I.1987); *see also Goin v. Rives (In re Goin)*, 808 F.2d 1391, 1392 (10th Cir.1987).

In further support of this holding, we follow the Eighth Circuit in recognizing that "[w]e doubt that Congress ever intended that a former wife's judicially decreed sole and separate property interest in a pension payable to her former husband should be subservient to the Bankruptcy Code's goal of giving the debtor a fresh start." 912 F.2d at 994.

Based on all of the foregoing, it is OR-DERED that judgment enter in favor of the Plaintiff Susan G. Resare as to count two of adversary proceeding 91–1232, and that judgment enter in favor of the Defendant Susan G. Resare in adversary proceeding 91–1231.