In the Matter of Ronald S. SADOWSKI, Brenda Sadowski, Debtors.

Mary F. SADOWSKI, Plaintiff,

v.

Ronald S. SADOWSKI and Brenda Sadowski, Defendants.

Bankruptcy No. 91–53994.
Adv. No. 92–5011.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Aug. 19, 1992.

Gina Stewart, Warner Robins, Ga., for plaintiff.

Carl A. Veline, Jr., Warner Robins, Ga., for defendants.

J. Coleman Tidwell, Macon, Ga., Chapter 7 Trustee.

1. The Court is persuaded that Mr. Sadowski is the real defendant in this case and will refer to him as Defendant.

2. The Agreement provides that Defendant pay a reduced sum until the marital home was sold.

ROBERT F. HERSHNER, Jr., Chief Judge.

### STATEMENT OF THE CASE

Mary F. Sadowski, Plaintiff, filed a "Complaint to Determine Dischargeability of Debt," on January 21, 1992. Ronald S. Sadowski and Brenda Sadowski, Defendants, filed their answer on January 30, 1992. A trial was held on June 10, 1992. The Court, having considered the evidence presented, the arguments of counsel, and the briefs of counsel, now publishes this memorandum opinion.

### FINDINGS OF FACT

Plaintiff and Defendant Ronald Sadowski [1] were divorced after more than twenty years of marriage. Defendant had served in the military and had provided the financial support for the home. At the time of the divorce, Defendant was receiving military retirement benefits. Plaintiff and Defendant executed an Agreement in April of 1987, which provides for Defendant to pay Plaintiff the sum of $600 per month as alimony.[2] She continues to receive this payment each month.[3] Defendant admits that this obligation is not dischargeable in his bankruptcy case.[4] This obligation is not in issue in this adversary proceeding. The issue in this adversary proceeding concerns Defendant's military retirement benefits.

The Agreement, as to the retirement benefits, provides:

8.

The husband acknowledges the wife is entitled to a share of his retirement as a property settlement. Therefore the husband agrees to pay unto the wife the sum of $600 a month as a property settlement. Said sum shall be payable on the first day of each consecutive month beginning with the first of the month following the month in which the above

3. Letter from Mr. Veline to the Court of August 13, 1992; Letter from Ms. Grantham to the Court of August 13, 1992.

4. See 11 U.S.C.A. § 523(a)(5) (West 1979 & Supp.1992).

referred to house sells and continuing on the first day of each consecutive month throughout the life of the wife. The husband acknowledges that this amount is a property settlement, not alimony, and will not end on the remarriage or cohabitation of the wife.

. . . .

21.

The husband agrees to pay any amounts that are permanent alimony or property settlement by allotment.

Plaintiff and Defendant were divorced in June of 1987. Defendant filed a petition under Chapter 7 of the Bankruptcy Code on November 8, 1991. He scheduled as unsecured without priority a debt owed to Plaintiff in the amount of $600 per month. The consideration for the debt is listed as "property settlement." Before Defendant filed his bankruptcy case, Plaintiff received the $600 per month property settlement directly from the military accounting office. This payment was discontinued when Defendant filed his bankruptcy case.[5]

## CONCLUSIONS OF LAW

Plaintiff contends that her entitlement to a share of Defendant's military retirement benefits is in the nature of alimony and support and is nondischargeable under section 523(a)(5) of the Bankruptcy Code.[6] Alternatively, Plaintiff contends that her entitlement is her sole and separate property, and not a debt which can be discharged in bankruptcy.

A number of courts have considered whether a former spouse's entitlement to part of a military pension was a "debt" of the debtor. Most courts have found that the former spouse's interest in the military pension became absolute upon the granting of the divorce and thereafter was the "sole and separate property" of the former spouse. *Resare v. Resare (In re Resare),* 142 B.R. 44 (Bankr.D.R.I.1992). *See Bush v. Taylor,* 912 F.2d 989, 993 (8th Cir.1990); *Benich v. Benich (In re Benich),* 811 F.2d 943, 945 (5th Cir.1987); *Chandler v. Chandler (In re Chandler),* 805 F.2d 555 (5th Cir.1986), *cert. denied,* 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 837 (1987); *Stolp v. Stolp (In re Stolp),* 116 B.R. 131 (Bankr. W.D.Wis.1990); *Corrigan v. Corrigan (In re Corrigan),* 93 B.R. 81 (Bankr.E.D.VA. 1988); *Mace v. Mace (In re Mace),* 82 B.R. 864, 868 (Bankr.S.D.Ohio 1987); *Manners v. Manners (In re Manners),* 62 B.R. 656 (Bankr.D.Mont.1986); *Hall v. Hall (In re Hall),* 51 B.R. 1002 (Bankr.S.D.Ga.1985).

Some courts have held that postpetition pension payments due a former spouse are not debts until each payment is due. These postpetition debts are not subject to discharge under section 727(b) of the Bankruptcy Code.[7] *Bush v. Taylor,* 912 F.2d 989, 993 (8th Cir.1990). *Teichman v. Teichman (In re Teichman),* 774 F.2d 1395, 1398 (9th Cir.1985).

In *Farrow v. Farrow (In re Farrow),*[8] the state court had made an equitable division of the marital property as follows:

The plaintiff shall have an interest in one half of the net retirement annuity benefit paid to the defendant as a result of his enlistment in the United States Navel [*sic*] Reserve upon the same being paid to the defendant at such time he shall be eligible to receive the same. The defendant shall further make an election on the spouse benefit program in favor

---

**5.** Letter from Mr. Veline to the Court of August 13, 1992; Letter from Ms. Grantham to the Court of August 13, 1992.

**6.** 11 U.S.C.A. § 523(a)(5) (West 1979 & Supp. 1992).

**7.** 11 U.S.C.A. § 727(b) (West 1979). This section provides:
   (b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.
   11 U.S.C.A. § 727(b) (West 1979).

**8.** 116 B.R. 310 (Bankr.M.D.Ga.1990).

of the plaintiff Gay Ann Peterson [*sic* ] Farrow if the same is available to him under regulations governing such election.

116 B.R. at 311.

The debtor was not entitled to any pension payments at the time of the divorce decree or when he filed his Chapter 7 bankruptcy case. He began receiving retirement payments during the pendency of his bankruptcy case. Judge Laney, writing for this Court, stated:

It is, however, clear from the decree and the stipulations of counsel that the Plaintiff's entitlement to one half of the net retirement annuity was fixed prepetition in the divorce judgment and decree, but that the entitlement to receipt of the same did not come into being until the Defendant qualified for his annuity apparently early in 1990 well after the filing of the bankruptcy case. The court finds that pursuant to 10 U.S.C.A. § 1408 the obligation to pay the same to the Plaintiff is an obligation of the Secretary of the Navy after effective service on the Secretary of a copy of the court order in question. Under these circumstances, the court finds that the obligations set forth in the pertinent portion of the final judgment and decree in question was not a debt of the Debtor at the time the bankruptcy case was filed or at this time. The interest in one half of the net retirement annuity benefit is the sole and separate property of the Plaintiff. *In re Chandler*, 805 F.2d 555 (5th Cir.1986); *In re Teichman*, 774 F.2d 1395 (9th Cir. 1985); *In re Hall*, 51 B.R. 1002 (S.D.Ga. 1985); *In re McNierney*, 97 B.R. 648 (Bankr.S.D.Fla.1989).

Alternatively, the court finds that if there is an obligation on the Debtor to make the payment in question, he holds any post petition payment that he might receive on his retirement benefit in constructive trust for the Plaintiff to the extent of one half of such net benefit.

116 B.R. at 312.

In the case at bar, the Court is persuaded that Plaintiff's entitlement to a share of Defendant's military retirement benefits is her sole and separate property. The Court, therefore, does not consider Plaintiff's contention that her entitlement is a nondischargeable debt.

An order in accordance with this memorandum opinion will be entered this date.

### ORDER

In accordance with the memorandum opinion entered this date; it is

ORDERED that the Court hereby determines that Plaintiff's portion of Defendant Ronald S. Sadowski's military retirement benefits is Plaintiff's sole and separate property; and it is further

ORDERED that this complaint hereby is dismissed as to Defendant Brenda Sadowski.

SO ORDERED.