In re Willie ALBERT, Jr., Debtor.

Yvonne Deloris ALBERT, Plaintiff,

v.

Willie ALBERT, Jr., Defendant.

Bankruptcy No. 94–11070–7.
Adv. No. 94–5222.

United States Bankruptcy Court,
D. Kansas.

Sept. 29, 1995.

Charles F. Harris, Kaplan, McMillan & Harris, Wichita, KS, for Plaintiff.

Michael D. Herd, Curfman, Harris, Rose, Weltz, Metzger & Smith, Wichita, KS, for Defendant.

Edward J. Nazar, Trustee, Wichita, KS.

## MEMORANDUM OPINION AND ORDER

JULIE A. ROBINSON, Bankruptcy Judge.

This matter comes before the Court pursuant to the Complaint To Determine Dischargeability Of Debt filed by Yvonne Deloris Albert ("Plaintiff"). A trial was held on March 7, 1995, at which time the Court took the matter under advisement.

### JURISDICTION

The Court has jurisdiction over this proceeding. 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

### FINDINGS OF FACT

Based on the parties' stipulations and the stipulated exhibits, the Court makes the following determinations of fact.

Plaintiff and Willie Albert, Jr. ("Debtor") were divorced after a trial in the District Court of Sedgwick County, Kansas on July 11, 1984. The findings and orders of that court were confirmed in a Journal Entry and Decree of Divorce filed and entered on July 31, 1984 (the "Divorce Decree"). Paragraph 6 of the Divorce Decree granted joint care, custody and control of the minor child of the parties, with Plaintiff to have primary residential custody. Paragraph 7 of the Divorce Decree provided that Debtor shall pay through the court clerk the sum of $260.00 monthly for support of the child. Paragraph 8 of the Divorce Decree required the household goods and furnishing of the parties to be sold and the net proceeds to be divided equally.

At the time of the divorce, Debtor was retired from the United States Air Force and was receiving monthly military retirement pay. In Paragraph 9 of the Divorce Decree, Plaintiff was specifically awarded as a division of property, 40 percent of Debtor's disposable retirement pay pursuant to 10 U.S.C. § 1408. In Paragraph 14 of the Divorce Decree, Plaintiff was also awarded maintenance in the amount of $350 monthly for a period of 65 months, conditioned upon her death, remarriage or continual cohabitation with an unrelated person of the opposite sex.

Neither Plaintiff nor Debtor appealed any of the orders resulting from the court's rulings contained in the Divorce Decree. Between July 31, 1984 and February 2, 1994, neither Plaintiff nor Debtor petitioned the court seeking modification of any order contained in the Divorce Decree.

On August 8, 1984, the Kansas Court of Appeals issued a decision pertaining to property divisions of military retirement pay in

the case of *Grant v. Grant,* 9 Kan.App.2d 671, 685 P.2d 327 (1984). Neither Plaintiff nor Debtor sought relief from the orders of the court contained in the Divorce Decree, as a result of the decision in *Grant v. Grant, supra.*

Debtor, since prior to July 31, 1984, has continued to receive military retirement pay. Plaintiff, however, since July 31, 1984, had not received any portion of the military retirement pay and until February 2, 1994, had not filed any execution, collection proceedings, or motions in this action. On February 2, 1994, Plaintiff filed a motion to revive dormant judgment.

On March 22, 1994 and April 1, 1994, Orders were issued in the District Court of Sedgwick County, Kansas, wherein the court revived a judgment in favor of Plaintiff against Debtor pertaining to the military retirement pay owed by Debtor to Plaintiff between July 7, 1987, and April 1, 1994, in the principal amount of $23,810.80, together with accrued interest through April 1, 1994, in the amount of $6,276.77 (the "Arrearage"). On or about March 1, 1994, Plaintiff communicated directly with the Air Force Accounting & Finance Center and implemented direct payment of the disposable retirement pay pursuant to 10 U.S.C. § 1408.

On May 2, 1994, Debtor filed a Chapter 7 petition in bankruptcy. On August 2, 1994, Plaintiff filed a Complaint to Determine Dischargeability of Debt under 11 U.S.C. § 523(a)(5) and (a)(6).

### CONCLUSIONS OF LAW

Plaintiff argues that the Arrearage is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) or (a)(6). Plaintiff also argues that her share of Debtor's retirement pay is her sole and separate property and not property of the Debtor's bankruptcy estate. A determination that the Arrearage of Plaintiff's share of the retirement pay is her sole and separate property would not benefit Plaintiff. Her share which is represented by the arrearage has been spent by Debtor and has now been reduced to a judgment. Therefore, the Court must determine whether the debt represented by the Arrearage is nondischargeable. Then, the Court will address whether the share of the retirement pay which Plaintiff is currently entitled to is her sole and separate property.

Plaintiff contends that the division of Debtor's military retirement pay constitutes support due from the Debtor to her and is thus nondischargeable. The Bankruptcy Code provides that debts which are actually in the nature of alimony, maintenance, or support are not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). To determine whether an obligation is actually in the nature of alimony, maintenance, or support, the Court must look beyond the language of the decree to the intent of the parties and the substance of the obligation. *In re Sampson,* 997 F.2d 717, 722–23 (10th Cir.1993) (citation omitted). In the present case, the Divorce Decree resulted from a trial of the case and did not incorporate any type of agreement of the parties. Therefore, the parties' intent is not a factor, and the Court must determine, based on the Divorce Decree, whether the obligation has the purpose and effect of providing support for the spouse. *See id.* at 723 (citation omitted).

Plaintiff bears the burden of proving by a preponderance of the evidence that the purpose of the obligation was support, and that the obligation was, in substance, support. *Id.* (citing *Grogan v. Garner,* 498 U.S. 279, 290, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991)).

The court in *Sampson* noted that there are several factors that are either indicative of a property settlement or of support. A provision in the agreement that allows the obligation to survive the party's remarriage or that precludes modification of the obligation due to a change in the parties' financial circumstances is indicative of a property settlement. *Id.* at 723–24. However, termination of the obligation upon the plaintiff's remarriage or death is consistent with a support obligation. *Id.* at 724. The Divorce Decree clearly defined the division of the military retirement pay as a property settlement division. Moreover, the Divorce Decree ordered Debtor to pay, in separate defined paragraphs, child support and spousal support. The spousal support is condi-

tioned upon Plaintiff's death, remarriage or continual cohabitation with an unrelated person of the opposite sex. Plaintiff's share of the retirement pay, on the other hand, survives Plaintiff's remarriage and is not modifiable due to a change in the parties' financial circumstances.

The critical inquiry in determining whether the obligation is, in substance, support is "the function served by the obligation at the time of the divorce." *Id.* at 725 (citation omitted). The relative financial circumstances of the parties at the time of the divorce also guides the Court in determining whether the obligation is, in substance, support. *Id.* at 726. If the obligation effectively functioned as the spouse's source of income at the time of the divorce, it is, in substance, a support obligation. *Id.* Plaintiff provided no evidence of a need for support. Furthermore, Plaintiff did not pursue her rights in collecting her share of the retirement pay for nine and a half years after the divorce. Clearly, her share of the retirement pay did not have the actual effect of providing support to Plaintiff. The Court finds that Plaintiff has failed to meet her burden of proving that the military retirement pay is in the nature of support.

Plaintiff also contends that Debtor's failure to pay her 40 percent share of his disposable military retirement pay constitutes conversion and was a "willful and malicious injury" pursuant to § 523(a)(6). Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). " 'Willful' conduct is conduct that is volitional and deliberate and over which the debtor exercises meaningful control, as opposed to unintentional or accidental conduct." *In re Posta*, 866 F.2d 364, 367 (10th Cir.1989) (citations omitted). The "willful" element simply addresses whether the debtor intentionally performed the basic act complained of. *Id.* (citations omitted). Clearly, Debtor's collection of all of his retirement pay was willful.

The Court must also determine whether Debtor acted maliciously. The focus of the "malicious" inquiry is on the debtor's actual knowledge or the reasonable foreseeability that his conduct will result in injury to the creditor, "not on abstract and perhaps moralistic notions of the 'wrongfulness' of the debtor's act." *In re Posta*, 866 F.2d 364, 367 (10th Cir.1989) (citations omitted). The Tenth Circuit in *In re Posta* held that:

> Under § 523(a)(6), the debtor's malicious intent can be shown in two ways. In the rare instances in which there is direct evidence that the debtor's conduct was taken with the specific intent to harm the creditor, the malice requirement is easily established ... More commonly, however, malicious intent must be demonstrated by evidence that the debtor had knowledge of the creditor's rights and that, with that knowledge, proceeded to take action in violation of those rights.

*Id.* The Tenth Circuit Court of Appeals has also stated that " 'willful and malicious injury' occurs when the debtor, without justification or excuse, and with full knowledge of the specific consequences of his conduct, acts notwithstanding, knowing full well that his conduct will cause particularized injury." *In re Pasek*, 983 F.2d 1524, 1527 (10th Cir.1993).

The Court finds that Debtor did not act maliciously. The *Grant* case was decided within a month of the parties' divorce. It is unclear what effect Debtor may have thought the *Grant* case had on Plaintiff's right to the retirement pay. In addition, the Divorce Decree does not expressly obligate Debtor to provide Plaintiff with her share. *Cf. In re Mace*, 82 B.R. 864, 868 (Bankr.S.D.Ohio 1987) (finding that debtor's failure to remit the retirement funds to plaintiff was wrongful and without just cause where the court order expressly ordered debtor to remit to plaintiff her share upon receipt from the government, and debtor failed to assert any reason for his action in opposition to the order). In fact, the Divorce Decree sets forth the address of the Air Force Accounting and Finance Center. It is unclear from the Divorce Decree who was obligated to initiate the direct payment of Plaintiff's share. In any event, Debtor in no way impaired or obstructed Plaintiff from pursuing her right to receive her share of the retirement pay.

Although the state court found in its March 22, 1994 Order that the *Grant* case did not have retroactive effect, and that Debtor was obligated to remit to Plaintiff her 40 percent share of the retirement pay, these determinations were made after the Arrearage had accrued. The Court cannot find that Debtor knew he should remit Plaintiff's share. There is no showing that Debtor acted without justification or excuse, or that he knew his conduct would cause particularized injury.

■ Plaintiff also argues that the Court should find that the funds which Debtor failed to pay to the Plaintiff are held in trust for her. Plaintiff does not raise this theory of recovery in her Complaint or in the final pretrial order, but rather raises it for the first time in her brief. Therefore, Plaintiff should be barred from raising this theory of recovery. The Court nevertheless finds that Plaintiff has failed to set forth any authority or facts that would justify imposition of a constructive trust. There is no evidence of a fiduciary relationship between the parties, and no evidence of fraud or other unconscionable conduct on the part of the Debtor. *See In re Franklin Sav. Corp.,* 159 B.R. 9, 30 (Bankr.D.Kan.1993), *aff'd* 182 B.R. 859 (D.Kan.1995) (noting that under Kansas law, a constructive trust is an equitable remedy used where a fiduciary unjustly benefits from its relationship, and the trust is a creature of law imposed when fraud or other unconscionable conduct improperly confers advantage within a fiduciary relationship).

■ Plaintiff also cites cases which stand for the proposition that her share of Debtor's retirement pay is her sole and separate property and not property of the bankruptcy estate. Section 1408(c)(1) of Title 10, United States Code, provides that a court may treat military retirement pay either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

Therefore, state law would control whether military retirement pay could be divided.

At the time of the parties' divorce, there was no definitive Kansas authority on whether military retirement pay is marital property. The state court, nonetheless, awarded as a property division 40 percent of the Debtor's disposable retired pay. Within a month of the divorce, the court in *Grant v. Grant,* 9 Kan.App.2d 671, 685 P.2d 327 (1984), held that military retirement pay does not have a present value which becomes part of the marital property divisible at divorce. *Id.* at 676, 685 P.2d 327. The state court held pursuant to its March 22, 1994 Order, that the decision in *Grant* did not have retroactive effect, and that the law of the case was that law which was in effect on the date of the Divorce Decree.[1]

■ The Bankruptcy Code provides that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Nonbankruptcy law determines the nature and extent of the debtor's interest in property. *In re Resare,* 142 B.R. 44, 45 (Bankr.D.R.I.1992), *aff'd* 154 B.R. 399 (D.R.I.1993) (citing *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–918, 59 L.Ed.2d 136 (1979)).

In *In re Resare,* the court noted that numerous cases have considered whether a former spouse's entitlement to a share of the debtor's pension is the former spouse's sole and separate property, or whether it becomes property of the estate with post-petition payments constituting debts subject to discharge. *In re Resare,* 142 B.R. at 45–46. "Most courts have found that the former spouse's interest in the military pension became absolute upon the granting of the divorce and thereafter was the 'sole and separate property' of the former spouse." *Matter of Sadowski,* 144 B.R. 566, 567 (Bankr. M.D.Ga.1992) (citations omitted).

The court in *Resare* found that the property settlement agreement clearly "granted the

---

1. The current law in Kansas allows the division of military retirement pay as a property settlement. In 1987, the Kansas Legislature overturned the *Grant* decision by amending K.S.A. 23–201(b) to provide that military retirement pay, whether vested or unvested, is marital property subject to division upon the dissolution of marriage. *In re Marriage of Harrison,* 13 Kan. App.2d 313, 315, 769 P.2d 678 (1989).

wife an immediate and absolute property interest in the pension, at the same time divesting the former husband of any further ownership interest in that portion of the pension awarded the wife." *In re Resare*, 142 B.R. at 46. The court concluded that the former spouse's entitlement to the military pension vested as her sole and separate property at the time of divorce. *Id.* The Court agrees with these cases, and finds that Plaintiff's entitlement to 40 percent of Debtor's retirement pay is her sole and separate property, and not part of Debtor's bankruptcy estate.

 Postpetition payments due to a former spouse as their share of the retirement pay are not debts until each payment is due, and "[t]hese postpetition debts are not subject to discharge under section 727(b) of the Bankruptcy Code." *Matter of Sadowski*, 144 B.R. 566, 567 (Bankr.M.D.Ga.1992). Furthermore, if Plaintiff is receiving direct payments pursuant to 10 U.S.C. § 1408, any debt arising would be between the Air Force Accounting & Finance Center and Plaintiff. *See In re Farrow*, 116 B.R. 310, 312 (Bankr. M.D.Ga.1990) (holding that the obligation to pay the Plaintiff is an obligation of the Secretary of the Navy after effective service on the Secretary of a copy of the court order in question); *In re Resare*, 142 B.R. at 46 (stating that no debt existed between the Debtor and his former wife at the time of the filing and if any debt does exist, it is between the Department of the Treasury and Ms. Resare).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Complaint to Determine Dischargeability of Debt shall be DENIED, and the debt resulting from Debtor's failure to pay Plaintiff her share of Debtor's military retirement pay shall be DISCHARGED.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's 40 percent share of Debtor's military retirement pay which Plaintiff is currently collecting is Plaintiff's sole and separate property, and is not property of Debtor's bankruptcy estate.

This Memorandum shall constitute findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankrupt-cy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.