In re Martin Lemeul **BRITTEN**, Debtor.

Nancy **BRITTEN**, Plaintiff,

v.

Martin Lemeul **BRITTEN**, Defendant.

Bankruptcy No. 97–1492–RLB–7.
Adversary No. 97–172.

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Sept. 22, 1997.

Kathleen A. Young, Kokomo, IN, for debtor/defendant.

Samuel C. Hasler, Hasler & Maynard, Anderson, IN, for plaintiff.

*FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY ON COMPLAINT OBJECTING TO DISCHARGE AND TO DETERMINE DISCHARGEABILITY OF DEBT*

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Complaint Objecting to Discharge and to Determine Dischargeability of Debt ("Complaint"), filed by Nancy Britten ("Ms. Britten") on April 22, 1997. A trial on the Complaint was held on September 17, 1997. The Court, having considered the Complaint and the matters presented at the September 17, 1997 hearing, and pursuant to Federal Rule of Civil Procedure 52 and Bankruptcy Rule 7052, now makes its

## Findings of Fact

1. Martin Lemeul Britten ("Debtor") filed a petition under Chapter 7 on February 14, 1997.

2. In March of 1988, the marriage of the Debtor and Ms. Britten was dissolved by a decree ("Dissolution Decree") entered by an Indiana dissolution court. Pursuant to the Dissolution Decree, the assets of the parties were divided, including the Debtor's pension payments. The Dissolution Decree provides as follows with respect to the Debtor's pension payments:

> RESPONDENT [Ms. Britten] TO RECEIVE ONE–THIRD OF PETITIONER'S PENSION PAYMENTS WHEN THEY ARE PAID TO PETITIONER.

(The one-third portion of the Debtor's monthly pension payment awarded to Ms. Britten is hereinafter referred to as the "Marital Award".)

3. Since the time of the dissolution, the Debtor has paid Ms. Britten approximately $400.00 per month, representing one-third portion of the gross monthly pension payment he receives.

Based on the foregoing Findings of Fact, the Court now makes its

## Conclusions of Law

1. The Court has jurisdiction to hear this matter. 28 U.S.C. § 1334, 28 U.S.C. § 157.

2. In the Complaint, Ms. Britten alleges that the debt she is owed, i.e., her right to receive one-third of the Debtor's monthly pension payment, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(15).[1] Before addressing the issue of dischargeability, the Court must address two other points not previously contested by the parties.

3. The parties's arguments to the Court concerning dischargeability are based on two assumptions: 1) that the Marital Award in issue here is owed by the Debtor (as opposed to being owed by some other entity), and 2) that the pension rights in issue here are property of the estate. Having reviewed the relevant case law, it is the conclusion of the Court that neither assumption is correct.

■ 4. The parties have assumed that the Marital Award is owed by the Debtor to Ms. Britten. To the contrary, the case law establishes that the Marital Award is owed by the Debtor's pension fund, rather than by the Debtor. In re Gendreau, 122 F.3d 815 (9th Cir.1997) (former wife awarded a portion of debtor's pension has a claim against the debtor's pension plan, not against the debtor); Bush v. Taylor, 912 F.2d 989 (8th Cir. 1990) (debtor's obligation to pay former spouse portion of debtor's pension check was not a debt dischargeable in debtor's bankruptcy); In re Chandler, 805 F.2d 555 (5th Cir.1986) (debtor cannot discharge portion of pension benefits awarded to former wife); In re Kinder, 133 B.R. 151 (Bkrtcy.W.D.Mo. 1991) (obligation of debtor to pay one half of pension benefits to former wife gives rise to constructive trust relationship rather than debtor-creditor relationship); In re Zick, 123 B.R. 825 (Bkrtcy.E.D.Wis.1990) (where prepetition divorce decree awarded former wife portion of pension, that portion did not constitute debtor's property at time of bankruptcy and could not be excepted from discharge); In re Thomas, 47 B.R. 27 (Bkrtcy. S.D.Cal.1984) (no debt is created where provision in property settlement agreement for apportionment of military retirement benefits). Most of the courts that have addressed this issue have found that an award to a former spouse of a portion of a debtor's pension benefit gives rise to a constructive trust relationship rather than a debtor-creditor relationship, with the debtor serving as constructive trustee for the former wife's benefit. See, e.g., In re McCafferty, 96 F.3d 192 (6th Cir.1996) (divorce decree created constructive trust in favor of former wife); Bush v. Taylor, 912 F.2d 989 (8th Cir.1990) (debtor-former husband's obligation to pay former wife portion of debtor's pension bene-

---

1. In the Complaint, Ms. Britten also alleges that pursuant to 11 U.S.C. § 727, the Debtor should not receive a discharge of his debts. As that issue was not argued to the Court at the September 17, 1997 hearing, the Court assumes that the issue has been resolved by the parties.

The parties have not contested the dischargeability of the Marital Award pursuant to 11 U.S.C. § 523(a)(5), presumably because the parties agree that the Marital Award is not in the nature of support.

fits gave rise to constructive trust relationship).

5. The parties have further assumed that 100% of the pension rights that the Debtor has earned during his working life were property of the Debtor prior to the bankruptcy filing, and are now property of the estate as a result of the bankruptcy filing. The case law suggests otherwise. In *In re Resare*, 142 B.R. 44 (Bkrtcy.R.I.1992), the court was faced with facts similar to the facts of the instant case. When Mr. and Mrs. Resare were divorced, they entered into a property settlement agreement, which provided that the "wife shall be entitled to receive as a property settlement, a sum equal to thirty-five (35%) percent of the gross pension of the husband". *Resare*, 142 B.R. at 45. In holding that the pension award to Mrs. Resare was not property of the debtor's bankruptcy estate, the *Resare* court made the following analysis:

> [T]he facts here are no different than if, as part of a settlement agreement, [the debtor] had conveyed his interest in a house, a car, or any other type of property, to his former wife. After the effective date of the transfer, the 35% interest in question was no longer the property of [the debtor], and therefore it cannot be property of his bankruptcy estate.

*Resare*, 142 B.R. at 45, fn. 4. *See also In re Chandler*, 805 F.2d 555 (5th Cir.1986) (portion of pension benefit awarded to former wife pursuant to divorce decree became sole and separate property of former wife). Based on the foregoing, the Court concludes that Ms. Britten's interest in the Debtor's pension became her sole and separate property upon the entry of the Dissolution Decree, and did not come into the bankruptcy estate when the Debtor filed his bankruptcy petition.

6. The Eighth Circuit has discussed the competing interests of debtors, debtors' former spouses, and debtors' second families:

> We doubt that Congress ever intended that a former wife's judicially decreed sole and separate property interest in a pension payable to her former husband should be subservient to the Bankruptcy Code's goal of giving the debtor a fresh start.

*Bush*, 912 F.2d at 994.

7. For all the foregoing reasons, it is the conclusion of the Court that the debt in issue is owed by the Debtor's pension fund rather than by the Debtor, and that Ms. Britten's interest in the Debtor's pension is not property of the estate. The Debtor is a constructive trustee of Ms. Britten's portion of the monthly pension payment the Debtor receives, and accordingly, must continue paying to Ms. Britten her one-third portion of his monthly pension payments.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Ms. Britten's interest in the Debtor's pension benefits is not property of the bankruptcy estate, and is, therefore, not a dischargeable debt. The Debtor is directed to continue forwarding to Ms. Britten her share of the Debtor's monthly pension payments.