In re Gary Lynn **NICHOLS,** Debtor.

**Jonna Nichols, Objectant,**

v.

**Gary Lynn Nichols, Respondent.**

Bankruptcy No. 1–03–04469.
Adversary No. 1–03–00254A.

United States Bankruptcy Court, M.D. Pennsylvania.

Feb. 3, 2004.

420

Dorothy L. Mott, Kara K. Messner, Harrisburg, PA, for Debtor.

### OPINION and ORDER

MARY D. FRANCE, Bankruptcy Judge.

This matter comes before the Court on the Objections of Jonna Nichols ("Jonna") to Debtor's Chapter 13 plan. Jonna, Debtor's ex-spouse, asserts that certain military pension benefits Debtor intends to use to fund his Plan belong to her and are not property of the estate. Debtor asserts that the military pension is an asset of Debtor's estate and that Jonna's interest

in his pension is a debt dischargeable under Section 523(a)(5).

On August 28, 2003, Debtor filed a Complaint against Jonna for injunctive relief to halt the payment of pension benefits to his former spouse. The Complaint also included a count for sanctions for violation of the stay. Trial on the adversary matter is scheduled for February 14, 2004. At the hearing on October 21, 2003 on Jonna's Objection to the Plan, I asked the parties brief the issue of whether or not the military pension payments to Jonna were property of the estate. A determination of this threshold issue is required to resolve both the contested matter and the adversary complaint.[1] Briefs have been filed and the matter is ripe for decision.[2]

### Background

Debtor's bankruptcy petition and schedules were filed on July 29, 2003. On Schedule "I" Debtor listed monthly household income of $5353.00, including $3068.00 per month from a military pension, $400.00 per month from part-time employment and $1885.00 per month from his non-debtor spouse. On Schedule "J" Debtor listed household expenses of $4373.00. On Schedule "F," Debtor listed his former spouse as an unsecured, non-priority creditor. From disposable income of $980 per month, Debtor proposed to commit $600.00 per month to his Chapter 13 Plan for forty-four months. Jonna objected to the Plan, arguing that it was underfunded and not feasible because part of the pension income committed to the Plan was her property. Specifically, she averred that a judgment entered by a Kansas divorce court on March 24, 2003 entitled her to receive $1662.00 per month from Debtor's pension of $3901.00 per month.[3] Jonna argued that Debtor could not use her interest in the Debtor's pension to fund his Plan.

Jonna's Objection to Debtor's plan arises out of the March 24, 2003 Kansas decree awarding her certain rights in Debtor's military pension. The parties separated in 1992 and were divorced in Florida in 2001. By agreement of the parties, rights ancillary to the divorce were determined by the District Court of Pottawatomie County, Kansas in a "Journal Entry of Judgment" ("Kansas Judgment") entered by the District Court on March 24, 2003. The District Court found that the parties had divided all debts and real and personal property except Debtor's pension from the Air Force. In paragraph 11 of the Kansas Judgment, the District Court awarded Jonna 42.6% of Debtor's disposable retired pay or, as otherwise stated, the sum of $1,662.00 per month of Debtor's "disposable retired military pay as a division of marital property."[4] At the time of

---

1. If the military pension was determined not to be an asset of the estate, grounds for an injunction would not lie and the count in the Complaint for violation of the stay would be rendered moot.

2. I have jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(L) and (O). This Opinion and Order constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7052, which is applicable to contested matters pursuant to FRBP 9014.

3. Debtor and Jonna disagree on the monthly pension benefit paid by the military. Jonna states that the total monthly benefit is $3901.00 and Debtor states that the benefit is $3068.00. Resolution of this discrepancy is not necessary to a resolution of the issue before the Court.

4. The District Court also provided that the monthly payments were retroactive to May 2002 and granted judgment against the Debtor for each month until the pension payments were made directly to Jonna by the Defense Finance and Accounting Service. The judgment was secured by a lien on Debtor's inter-

the hearing on Jonna's Objection to Debtor's Plan, the disbursing agent for the military, rather than Debtor, was making the monthly payments to her. On several occasions post-petition, Debtor attempted, albeit unsuccessfully, to persuade the disbursing agent to halt further payments to his former spouse. On August 28, 2003, Debtor filed a Complaint for injunctive relief to stop the payments to Jonna and to require all pension funds to be turned over to him.

### Discussion

■■■ Section 541 of the Bankruptcy Code provides that the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This section is broad in scope, encompassing "practically every conceivable interest a debtor may have in property." *In re Wheeler*, 252 B.R. 420, 426 (W.D.Mich.2000). The breadth of the statute is not unlimited, however. Section 541(d) provides that:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ...becomes property of the estate...only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

■■ The terms of Debtor's pension plan are not a part of the record. However, the parties agree that the funds at issue are payments from a pension that was earned by virtue of Debtor's employment by the United States Air Force. Thus, it is subject to the Uniformed Services Former Spouse's Protection Act (USFSPA), 10 U.S.C. § 1408, which authorizes a court to treat military pension payments "either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1).

■■ Congress enacted the USFSPA in response to a United States Supreme Court decision, *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), which held that the supremacy clause of the Constitution prohibited state divorce courts from employing state community property laws to divide military retirement pay. The above-quoted provision was specifically enacted to grant state courts full discretion to decide whether a military pension is property "solely of the [military] member or property of the member and his spouse." *In re Debolt*, 177 B.R. 31, 37 (Bankr.W.D.Pa.1994). Thus, the USFSPA authorizes the court with jurisdiction over matters ancillary to a divorce to order payment of a portion of a military pension directly to an estranged spouse of a military member upon their divorce. 10 U.S.C. § 1408(d); *In re Satterwhite*, 271 B.R. 378 (Bankr.W.D.Mo. 2002).

■ Although bankruptcy law defines property of the estate, the Court must look to state law to determine the nature and extent of the debtor's interest in specific property. *Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979). Courts examining the question of whether a military pension payment to a non-debtor former spouse is property of the military member or of the spouse have looked to state law. *See In re Walston*, 190 B.R. 66, 67 (E.D.N.C.1995); *In re Debolt*, 177 B.R. 31 (Bankr.W.D.Pa. 1994); *In re Albert*, 187 B.R. 697, 702 (Bankr.D.Kan.1995); *In re Farrow*, 116 B.R. 310, 312 (Bankr.M.D.Ga.1990). Ref-

est in real estate he owned in Butler County, Kansas.

erence to state law is necessary in light of the language of the USFSPA, which grants discretion to state divorce courts to determine the respective interests of former spouses in military pensions of military spouses.

■ Debtor's petition was filed in Pennsylvania, but there are significant connections to the State of Kansas. When there is a possible conflict of laws issue, a court must first determine which state's choice of law rules are to be applied. Federal courts must follow the choice of law rules of the forum state. *Complaint of Bankers Trust Company,* 752 F.2d 874 (3d Cir.1984); *In re Goldstein,* 66 B.R. 909, 912 (Bankr.W.D.Pa.1986). Pennsylvania, as the forum state, has adopted the Restatement Second of Conflicts "significant contacts" approach. *Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964). The question now becomes which state law, Pennsylvania or Kansas, has the most significant connections to the matter before the Court.

Pennsylvania has the most obvious contacts. Debtor is domiciled in Pennsylvania and filed his Chapter 13 petition here. But there also are significant contacts with Kansas. No testimony was offered concerning Jonna's present domicile, but the Kansas Judgment acknowledged that both parties owned real estate in Kansas on the date of the decree. More important, the Kansas court found that the parties agreed that Kansas was the proper forum for addressing property division and support issues ancillary to the divorce, and a Kansas court entered a decree dividing marital property. Thus, I find that Kansas has the most significant connections with the issue of the parties rights in Debtor's military pension.

■ Kansas law provides that:

All property owned by married persons, including the present value of any vested or unvested military retirement pay, ...shall become marital property at the time of commencement by one spouse against the other of an action in which a final decree is entered for divorce, separate maintenance, or annulment. Each spouse has a common ownership in marital property which vests at the time of commencement of such action, the extent of the vested interest to be determined and finalized by the court, pursuant to K.S.A. 60–1610 and amendments thereto.

K.S.A. 23–201(b).

The Kansas Court of Appeals has held that military retirement pay, whether vested or unvested, may be divided by the court upon the dissolution of a marriage. *In re Marriage of Harrison,* 13 Kan. App.2d 313, 315, 769 P.2d 678, 680 (1989). At least one Kansas bankruptcy court has found that a former spouse's interest in her husband's military pension became her sole and separate property at the time a decree is entered by the court. *In re Albert,* 187 B.R. at 703. Further, the Kansas bankruptcy court held that since the former spouse was receiving direct payment from the Air Force finance center, any debt arising out of the property distribution would be between the spouse and the government. *Id.* An examination of Kansas statutes and case law leads me to the conclusion that Jonna's interest in Debtor's pension became her sole and separate property at the time the Kansas Judgment was entered.[5]

---

**5.** Had I determined that Pennsylvania law should be used to determine Jonna's rights in Debtor's pension, I would have reached an identical conclusion. In Pennsylvania, pay-

ments made under the USFSPA become property of the spouse to whom they are awarded at the time of the decree. *See e.g., Kan v. Unemployment Compensation Board of Re-*

Debtor argues that Jonna's interest in Debtor's pension is a claim for "division of marital property" that is dischargeable in bankruptcy and not excepted from discharge under 11 U.S.C. § 523(a)(5). However, it is clear that under Kansas law, at the time decree was entered establishing Jonna's rights in Debtor's pension, Jonna obtained an ownership interest in the pension and not merely a right to payment. On the date the petition was filed no debt existed that could be discharged by Debtor. *See Collier on Bankruptcy*, ¶ 523.11[7]. Further, since Jonna is receiving direct payments pursuant to 10 U.S.C. § 1408[d], if a debt did exist, it would between Jonna and the Defense Finance and Accounting Service, not between Debtor and his former spouse. *See In re Albert*, 187 B.R. at 702 *citing In re Farrow*, 116 B.R. at 312; *In re Resare*, 142 B.R. at 45.

Other bankruptcy courts applying state law to the division of military pensions have arrived a similar conclusions. "Most courts have found that the former spouse's interest in the military pension became absolute upon the granting of the divorce and thereafter was the 'sole and separate property' of the former spouse." *Matter of Sadowski*, 144 B.R. 566, 567 (Bankr. M.D.Ga.1992)("The interest in one half of the net retirement annuity benefit is the sole and separate property of the [non-military spouse]."); *In re Resare*, 142 B.R. 44, 45 (Bankr.D.R.I.1992)(spouse's rights in military pension vested upon entry of divorce decree making interest her "sole and separate" property); *In re Debolt*, 177

B.R. at 34. (Ohio divorce decree transformed spouse's interest in pension into her "sole and separate" property not subject to debtor's reach); *In re Potter*, 159 B.R. 672, 675 (Bankr.N.D.N.Y.1993) ("spouse's interest in the debtor's pension becomes the sole and separate property of that spouse, not a debt, upon entry of a final judgment of divorce.") [6]

■■■ My review of the treatment of marital claims to military pensions by other bankruptcy courts reinforces my conclusion that pension payments awarded to Jonna by the Kansas court are her property, and are not payments made on a debt owed by Debtor to her. The language of Section 541, broad as it may be, does not expand a debtor's property interest beyond those delineated under state law. *Official Committee of Unsecured Creditors v. R.F. Lafferty, Inc.*, 267 F.3d 340 (3rd Cir.2001).

■■■ Debtor argues that even if Section 541 of the Code does not include pension payments as property of the estate, 11 U.S.C. § 1306 would include them. Section 1306 provides that in a Chapter 13 case, property of the estate includes not only property included through Section 541(a), but also similar interests acquired by a debtor post-petition. The gist of Debtor's argument is that the filing of the Chapter 13 petition put the payments to Jonna "up for grabs" again. This argument is without merit. The rights of the parties regarding the pension were fixed by the Kansas state court and were sub-

---

view, 109 Pa.Cmwlth. 184, 530 A.2d 1023, 1024 (1987) ("Pennsylvania has chosen to treat military pensions as marital property .... In the [marital property] agreement, Petitioner's military pension was equally divided Therefore, the 50% of Petitioner's military pension being received by his former wife is no longer Petitioner's property."); *see also*,

*Vaughn v. Vaughn*, 370 Pa.Super. 333, 536 A.2d 431 (1988).

**6.** The same reasoning has been applied in cases involving non-military pensions. *In re McCafferty*, 96 F.3d 192 (6th Cir.1996); *In re Brown*, 168 B.R. 331, 334 (Bankr.N.D.Ill. 1994); *In re Long*, 148 B.R. 904 (Bankr. W.D.Mo.1992).

ject to exclusion from the estate under Section 541(d) at the time the bankruptcy petition was filed. Debtor's interest in Jonna's share of the pension was terminated with the entry of the Kansas Judgment. The filing of a bankruptcy petition cannot create an interest in property. "[T]he estate's legal and equitable interests in property rise no higher than those of the debtor." *First Fidelity Bank v. McAteer,* 985 F.2d 114, 117 (3d Cir.1993) *quoting In re Gagnon,* 26 B.R. 926, 928 (Bankr.M.D.Pa. 1983).

### *Conclusion*

Therefore, since Jonna's monthly payments must be excluded from Debtor's income available to fund his Plan, the Plan is underfunded and is infeasible. Section 1325(a)(6) of the Bankruptcy Code provides that the Court shall confirm a plan if, *inter alia,* "the debtor will be able to make all payments under the plan and to comply with the plan." The figures provided in Debtor's schedules show that the instant decision will render his Plan infeasible. Without the $1662.00 per month paid to Jonna, Debtor's household expenses will exceed his household income by $682.00 per month.

The Objection is therefore SUSTAINED. The Complaint for violation of the stay is DISMISSED.